424 So.2d 197 (1983)
James A. LAMB, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Dump-All, Inc., Appellees.
No. 82-403.
District Court of Appeal of Florida, Fifth District.
January 5, 1983.
Larry Morgan, of Greater Orlando Area Legal Services, Inc., Orlando, for appellant.
James R. Parks and Norman A. Blessing, Tallahassee, for appellee, Unemployment Appeals Com'n.
No appearance for appellee, Dump-All, Inc.
SHARP, Judge.
This is an appeal from the Florida Unemployment Appeals Commission's determination that Lamb is not entitled to receive unemployment compensation because he was fired by his employer for misconduct. Because we do not think Lamb's conduct as disclosed by the record falls within the definition of misconduct under the Florida Unemployment Compensation Law,[1] we reverse. Swope v. Florida Industrial Commission Unemployment Compensation Board of Review, 159 So.2d 653 (Fla. 3d DCA 1963).
Lamb was a truck driver for Dump-All, Inc., a refuse company. Dump-All had strict rules for attendance. If an employee failed to appear for work or call in prior to an absence, he was subject to immediate dismissal. Lamb spent the weekend of October 2, 1981, moving into his new home. Unforeseen problems required Lamb to remain at his new home on Monday, October 5, 1981, and he was not able to call his employer because his telephone was in transfer at that time. Because Lamb did not report to work as scheduled on that Monday, Dump-All immediately terminated Lamb's employment.
The record shows that this was the first and only time Lamb had failed to appear for work without calling his employer. The circumstances of his move and his explanation for not telephoning make his argument plausible that his breach of the employer's rules was less than deliberate and willful. Further, the employer did not controvert Lamb's explanations, and it was apparently not harmed by Lamb's absence on October 5, 1981. In our opinion the actions for which Lamb was fired do not amount to a willful and wanton disregard of his employer's rules, and as such they do not constitute *198 misconduct warranting a disallowance of unemployment benefits. Erber v. Federal Express Corporation, 409 So.2d 522 (Fla. 5th DCA 1982); Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3d DCA 1963).
REVERSED.
COBB, J., and SMITH C. McFERRIN, Associate Judge, concur.
NOTES
[1] Misconduct is defined under the Unemployment Compensation Law as:

(a) Conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness and negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.
§§ 443.036(24)(a) & (b), Fla. Stat. (1981).