568 So.2d 106 (1990)
Orlando L. BARRAGAN, Appellant,
v.
WILLIAMS ISLAND, a Private Club, and Florida Unemployment Appeals Commission, Appellees.
No. 90-618.
District Court of Appeal of Florida, Third District.
October 16, 1990.
Orlando L. Barragan, in pro per.
John D. Maher, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.
NESBITT, Judge.
This is an appeal from the Unemployment Appeals Commission which affirmed an order and finding of an appeals referee denying compensation benefits to the claimant for misconduct connected with work pursuant to section 443.036(26), Florida Statutes (1988). We affirm.
The claimant was a waiter at Williams Island. The employer had in force a work rule which required an employee to daily telephone his supervisor and report an anticipated absence. On October 14, 1989, the claimant telephoned his supervisor but was informed by a coworker that the supervisor was busy. The claimant requested the coworker to advise the supervisor he would not report that day due to illness. The claimant made no further personal attempts to reach his supervisor that day nor did he report for work. The following day the employee neither attempted to contact his supervisor or anyone connected with his employment, nor did he report for work. As a consequence, he was discharged.
When the claimant sought review of the denial of his claim for benefits, an appeals referee found that "on at least one or two occasions prior to being discharged, the claimant failed to notify his supervisor of an absence. On these occasions, the supervisor issued the claimant verbal warnings for failure to follow the company policies." After hearing testimony and evidence, the *107 referee summarized his written report with the following conclusions of law:
During the hearing, conflicting testimony was offered by the parties. The claimant contended he had received no warnings, and that he had previously reported his absence to coworkers without receiving any type of disciplinary action. The supervisor contended that the claimant had received warnings for failing to follow the call-in policy. It is the responsibility of the referee to resolve any conflict of testimony offered during the hearing. In resolving the conflict, it has been observed that the claimant has given inconsistent hearing testimony. The claimant initially indicated he did not call in on the last day, because on the previous day, he had notified a coworker that he would not be at work throughout the weekend. The claimant later alleged that he did not call in the following day because he was too sick to call. Based upon such inconsistent statements and the demeanor of the respective witnesses, the employer's witness' testimony has been accepted as more credible.
In Tallahassee Housing Auth. v. Florida Unemployment Appeals Comm'n, 483 So.2d 413, 414 (Fla. 1986), the supreme court, through Justice Overton stated:
In our view, excessive unauthorized absenteeism presumptively hampers the operation of a business and is inherently detrimental to an employer. We hold, therefore, that a finding of misconduct under section 443.036(24) is justified when an employer presents substantial competent evidence of an employee's excessive unauthorized absenteeism. Once excessive unauthorized absenteeism is established, the burden is on the employee to rebut the presumption that his absenteeism can be characterized as "misconduct" within the meaning of the statute.
In the present case, the appeals referee's rejection of most of the claimant's testimony as not being credible is fatal to his position. The employer presented competent substantial evidence that a work rule was in force which required an employee to call in to report an absence. The employee, although he had been warned of this rule, disregarded it.
There are a number of cases favorable to claimants in their quest to seek unemployment compensation benefits where they have been discharged on the basis of excessive absenteeism. However, an examination of the cases does not disclose any that are of assistance to the present claimant. For example, this is not a case where there was an isolated and unreported absence which failed to rise to wanton disregard of the employer's interest so as to warrant a finding of misconduct as in Goldstein v. Ury Kalai, M.D., P.A., 480 So.2d 695 (Fla. 4th DCA 1985); nor is this a case where there was an occasional and isolated failure to report to work due to exigent circumstances as in Lamb v. Unemployment Appeals Comm'n, 424 So.2d 197 (Fla. 5th DCA 1983). No "family emergency" justified an isolated unexcused absence as in Campbell v. Department of Labor & Employment Sec., 455 So.2d 569 (Fla. 1st DCA 1984). The employee was not warned that further absences would subject him to discharge and then fired, notwithstanding that he reported to work as in Ladson v. Florida Unemployment Appeals Comm'n, 543 So.2d 328 (Fla. 3d DCA 1989). The Unemployment Appeals Commission did not override or ignore factual determinations made in favor of a claimant on subtle factual distinctions as in Wyche v. Florida Unemployment Appeals Comm'n, 469 So.2d 184 (Fla. 3d DCA 1985).
The claimant's only evidence was his own testimony. The appeals referee largely rejected this testimony on a credibility assessment. Therefore, we can find no error in the commission's ultimate denial of unemployment compensation benefits to him.
Affirmed.
GERSTEN, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
I cannot agree that the employee's failures to give appropriate notice of his absences, even including the "one or two occasions prior to being discharged," amounted *108 to the "misconduct" required to disqualify one for benefits under section 443.036(26), Florida Statutes (1989).[1] I would therefore reverse the order under review.
NOTES
[1] (26) Misconduct.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:

(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.