570 So.2d 394 (1990)
CLAY COUNTY SHERIFF'S OFFICE, Appellant,
v.
James P. LOOS, III, Appellee.
No. 90-812.
District Court of Appeal of Florida, First District.
November 16, 1990.
John F. Dickinson and John E. Duvall, of Corbin, Dickinson, Duvall & Margulies, Jacksonville, for appellant.
Geri Atkinson-Hazelton, Gen. Counsel, Unemployment Appeals Com'n, Tallahassee, and W. Alan Winter, of Kent, Hayden, Facciolo & McMorrow, P.A., Jacksonville, for appellee.
SHIVERS, Chief Judge.
Appellant, Clay County Sheriff's Office, appeals an order of the Unemployment Appeals Commission (Commission) finding appellee, its former employee, to be eligible for unemployment compensation benefits. We reverse.
The record indicates that appellee Loos was terminated from his position as deputy sheriff with the Clay County Sheriff's Office on August 25, 1989, for allegedly attending a radar training course in direct disobedience of his superior officer's denial of his request to attend the course. Loos filed a claim for unemployment compensation *395 benefits the following week, and received notification in September of 1989 that a claims examiner had found him disqualified due to misconduct. Loos appealed the examiner's determination and, following an evidentiary hearing, the unemployment appeals referee affirmed the determination. Specifically, the referee found that Loos had enrolled in the course despite his superior's denial of authorization, and that the testimony presented by the employer was more credible than that presented by Loos. The evidence indicated that enrollment in the course required prior approval from the Sheriff's Office, and that successful completion of the course contributed to the employee's eligibility for a $20 per month salary increase. Based on his findings of fact, the referee found Loos to be guilty of misconduct and, accordingly, ineligible for unemployment compensation benefits.
Loos then appealed the referee's decision to the Commission. In an order dated February 22, 1990, the Commission reversed the decision of the appeals referee, finding that Loos's decision to attend the radar course did not constitute misconduct within the meaning of section 443.036(26), Florida Statutes. Specifically, the Commission's finding was based on a February 24, 1989 interdepartmental memo from the Sheriff of Clay County to all personnel, which indicated, among other things, that any employee failing to follow the guidelines for application to a training school could be required to pay for the school out of their own pockets. Based on this memo, the Commission found that it was not made clear to employees of the appellant that more severe disciplinary action would be taken if they attended school without prior approval.
While the Commission is authorized to either affirm, modify, or reject findings and conclusions of appeals referees, it may not reject or modify a referee's findings of fact unless it first determines from a review of the complete record, and states with particularity in the order, that the findings were not based on competent substantial evidence or that the proceeding on which the findings were based did not comply with the essential requirements of law. Section 120.57(1)(b)10, Florida Statutes (1989); Shackleton v. Unemployment Appeals Commission, 534 So.2d 753 (Fla. 1st DCA 1988).
In the instant case, there is ample competent substantial evidence in the record to support the referee's finding that Loos attended radar school despite the employer's denials of his requests to do so, and that his attendance constituted misconduct rendering him ineligible for unemployment compensation benefits. The record contains no evidence that Loos either thought he had received proper approval, or that the employer did in fact grant approval. Rather, the Commission based its rejection of the referee's conclusion that Loos committed misconduct on the basis of its own interpretation of the February 24, 1989 memo, and in particular, the absence from the memo of any language warning employees that severe disciplinary action could be taken if they attended classes without approval.[1] The issue in this case, however, is not whether Loos knew what would happen to him if he attended school without approval, but whether he did in fact attend the class in direct disobeyance of his employer's denial of approval, and in complete disregard of the "chain of command" approval procedures set forth in the February 24, 1989 memo, and whether such action constituted misconduct. According to section 443.036(26), misconduct may consist of "carelessness or negligence of such degree ... as to ... show an intentional and substantial disregard ... of the employee's duties and obligations to his employer."[2] *396 Under that definition, the referee correctly concluded that Loos's attendance of the radar class constituted misconduct disqualifying him from receiving unemployment compensation benefits. We therefore reverse the Commission's order reversing the appeals referee's findings and conclusion, and direct that the order of the referee be reinstated.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] In addition to setting forth "chain of command" procedures for securing approval of applicants' requests for training, the memo expressed the sheriff's goal that all employees have equal opportunity for specialized training, his hope that implementation of the system would make training opportunities available to deserving personnel, and the fact that not all personnel would receive the training they desired because of limited funds. Further, the memo stated: "By imposing tighter control we hope training benefits can be extended to the maximum extent possible."
[2] Section 443.036(26), in full, defines "misconduct" as follows:

MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.