603 So.2d 549 (1992)
Mary H. SCARDINO, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Georgia-Pacific Corporation, Appellees.
No. 91-2936.
District Court of Appeal of Florida, First District.
July 9, 1992.
Rehearing Denied August 19, 1992.
Wallace E. Sturgis, Jr., Ocala, now deceased, for appellant.
Geri Atkinson-Hazelton, General Counsel, Unemployment Appeals Com'n, Tallahassee, *550 for appellee Unemployment Appeals Com'n.
Marion D. Lamb, Jr. and Sara Hay Lamb, Lamb and Lamb, Tallahassee, for appellee Georgia-Pacific Corp.
PER CURIAM.
This appeal is from a final order of the Unemployment Appeals Commission rejecting the appeals referee's recommendation and disqualifying the appellant from receiving unemployment compensation benefits. We reverse and remand with directions.
The issue on appeal is whether the Commission appropriately rejected the appeals referee's finding that the appellant's actions did not constitute misconduct as defined by Section 443.036(26), Florida Statutes (1989), which provides:
`Misconduct' includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
Mary Scardino was employed as a receptionist for Georgia-Pacific Corporation (GPC) beginning in August 1989. Sometime in 1990 her fiance's sister was killed by a drunk driver, and subsequently criminal charges were filed against such person. Scardino received permission from her supervisor at GPC to be absent from work on January 7 and 8, 1991, to attend the trial. Scardino's fiance and mother-in-law-to-be asked her to be with them during the trial. Her presence was also requested by the State Attorney's Office, although she was not subpoenaed and did not testify. The trial was widely publicized and apparently generated controversy in the community; a petition with over 1800 signatures was presented to the trial court.
Scardino attended the entire trial, which was not concluded until late in the afternoon of January 10. She had received reluctant permission from her supervisor at GPC to miss work on January 9, but her absence from work on January 10 was expressly unauthorized. Scardino was discharged for the unauthorized absence. Nothing in the record indicates Scardino was absent without authorization prior to the January 10 absence.
In response to Scardino's claim for unemployment compensation benefits, GPC argued that Scardino was discharged for absenteeism, thereby constituting misconduct. The claim for benefits was denied. Scardino appealed the denial to the Unemployment Compensation Appeals Bureau. The appeals referee reviewed the facts with Scardino and her former supervisor at GPC, and at the conclusion of the hearing ruled that Scardino was qualified for benefits, stating, "This one instance in which she was absent for a compelling personal reason [at the request] of the State Attorney's office ... without her supervisor's approval does not constitute misconduct within the meaning of the law."
GPC appealed to the Unemployment Appeals Commission. The Commission reversed the referee and disqualified Scardino from receiving unemployment compensation benefits. The Commission found that the circumstances were not compelling enough to justify the January 10 absence. The order states in part:
An employer has a right to expect its employees to report to work as scheduled. By failing to do so after being notified that her presence in the office was required, the claimant violated her duties and obligations to the employer. The claimant's actions constituted misconduct connected with work within the meaning of the law.
When reviewing the ruling of an appeals referee, the Commission cannot reject a finding that the claimant was not guilty of misconduct if it is supported by competent, *551 substantial evidence, unless it is shown the proceedings before the referee did not comply with the essential requirements of law. § 120.57(1)(b)(10), Fla. Stat. (1989); Clay County Sheriff's Office v. Loos, 570 So.2d 394 (Fla. 1st DCA 1990); Shackleton v. Unemployment Appeals Comm'n, 534 So.2d 753 (Fla. 1st DCA 1988). The Commission's order is silent as to whether the appeals referee's findings are supported by competent, substantial evidence; it simply expresses a different view of the evidence.
We conclude that there is competent, substantial evidence to support the appeals referee's findings that (a) Scardino did not willfully or wantonly disregard the standards of behavior which the employer has the right to expect of his employee, and (b) she did not substantially disregard the employer's interests or the employee's duties and obligations to her employer.
Section 443.036(26) should be liberally construed in favor of the claimant. Hummer v. Unemployment Appeals Comm'n, 573 So.2d 135 (Fla. 5th DCA 1991). Generally, missing one day of work does not show a substantial or willful and wanton disregard of the employer's rights or interests. Lamb v. Unemployment Appeals Comm'n, 424 So.2d 197 (Fla. 5th DCA 1983). This is especially true in situations in which there is no prior history of excessive absences. See Goldstein v. Ury Kalai, M.D., P.A., 480 So.2d 695 (Fla. 4th DCA 1985). Moreover, the "fact that an employee is discharged for misconduct in the employer's opinion does not necessarily demonstrate the existence of misconduct contemplated by [the statute]." Department of Gen. Servs. v. English, 534 So.2d 726, 729 (Fla. 1st DCA 1988).
The order is reversed and the case remanded to the Commission with directions that unemployment benefits be awarded to Scardino.
REVERSED and REMANDED.
ERVIN, MINER and ALLEN, JJ., concur.