611 So.2d 82 (1992)
Randy SEGER, Appellant,
v.
DANNER CONSTRUCTION COMPANY, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 92-00171.
District Court of Appeal of Florida, Second District.
December 30, 1992.
Nora Leto, Lakeland, for appellant.
*83 John W. Kunberger, Tallahassee, for appellee Unemployment Appeals Com'n.
ALTENBERND, Judge.
Randy Seger appeals an order of the Unemployment Appeals Commission affirming a referee's decision to deny unemployment benefits because Seger's employer, Danner Construction, discharged him for misconduct. We reverse because the record contains no competent, substantial evidence of misconduct.
Seger worked as a laborer with Danner Construction from August 1989 until May 1991. He had a generally good work record for this twenty-month period. However, he overslept on Saturday, April 27, 1991, when he was scheduled to work overtime. This caused a significant problem for the construction company because Seger had the keys to the job site on that day and was supposed to open the site for the other workers. He was warned that he would be fired if he missed work in the future without notifying his employer.
The next Saturday, May 4, 1991, Seger was also scheduled to work overtime at a construction site. He planned to ride to work with his supervisor, who lived across the street from him. When the supervisor came to Seger's home that morning at 6 a.m., Seger's stepfather informed him that Seger was still asleep and could not be awakened. The supervisor went to work without Seger.
Seger testified that he felt a little ill on Friday evening. On Saturday morning, he awoke at 5 a.m. and realized that he had a stomach virus. He thought it was too early to call his supervisor, and fell back asleep. He did not contact his supervisor later on Saturday to explain his illness. On Monday, May 6, when he came to work, his supervisor told him he was fired for missing work on Saturday.
Although the appeals referee found that Seger was in fact ill on Saturday morning, she nevertheless concluded that he was fired for "misconduct," which she defined as "an intentional act or course of conduct in violation of his duties and obligations to his employer."
Section 443.036(26), Florida Statutes (1991), actually defines "misconduct" to include:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of [the] employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to [the] employer.
We cannot agree that the evidence in this case establishes misconduct as defined in section 443.036(26). Accepting that Seger was ill on Saturday morning, his only "misconduct" involved a failure to inform his employer of his illness. Danner Construction was not open for business and nothing would have been accomplished by calling that office at 5 a.m. Assuming the supervisor would have welcomed such a wake-up call at his home, the call would have had little practical effect in this case. The supervisor was informed that Seger was not available to work only a few minutes later. After he had that knowledge, there was no business need for Seger to call the supervisor on Saturday to explain that he was sick.
In light of the incident on the preceding Saturday, Seger probably exercised poor judgment when he did not contact his supervisor before Monday to explain his illness. This poor judgment, however, does not rise to the level of misconduct for the purposes of section 443.036(26). There is no evidence of a willful or wanton disregard of the employer's interests through any deliberate violation of standards of behavior which the employer had a right to expect. This level of carelessness does not manifest wrongful intent or evil design or a substantial disregard of the employer's interests or of the employee's duties and obligations. See, e.g., Cargill, Inc. v. Hill, 503 So.2d 1340 (Fla. 1st DCA 1987) (failure to obtain note from doctor to prove illness is not misconduct); *84 Goldstein v. Ury Kalai, M.D., P.A., 480 So.2d 695 (Fla. 4th DCA 1985) (employee's failure to report to work on single day, where she had no history of excessive absences and where she was ill, but still able to take care of personal business, was good faith error in judgment, but not misconduct connected with work). Further, this is not a case involving excessive unauthorized absenteeism. See Tallahassee Housing Auth. v. Florida Unemployment Appeals Comm'n, 483 So.2d 413 (Fla. 1986).
Seger's conduct is somewhat similar to the misconduct described in Barragan v. Williams Island, 568 So.2d 106 (Fla. 3d DCA 1990). In Barragan, a waiter at a private club failed to notify his supervisor of his illness on successive days. We distinguish that case for two reasons. First, the appeals referee did not believe the testimony of the employee in Barragan. If this referee had rejected Seger's testimony about his illness, we might reach another result. Second, it appears that the waiter in Barragan was expected to call his employer during normal work hours. At that time, the employer could have arranged for a substitute waiter. A useful call during normal work hours may well be a duty or obligation that the employer has the right to expect from an employee. Under the facts of this case, however, a call at 5 a.m. is not the same.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON, J., concur.