HALL, Judge.
The appellant, Fran Dorff, challenges an order entered by the appellee, the Unemployment Appeals Commission (UAC), reversing an appeals referee’s finding that Dorff is entitled to receive unemployment benefits. Dorff essentially contends that the appeals referee correctly found that there was insufficient evidence to establish that she was guilty of misconduct in connection with her work. Dorff therefore argues that the UAC erred in reversing the ■ *499 referee’s decision in that regard. We agree and reverse.
“When reviewing the ruling of an appeals referee, the Commission cannot reject a finding that the claimant was not guilty of misconduct if it is supported by competent, substantial evidence, unless it is shown the proceedings before the referee did not comply with the essential requirements of law.” Scardino v. Unemployment Appeals Commission, 603 So.2d 549, 550-551 (Fla. 1st DCA 1992), and cases cited therein. In the instant case, as in Scardino, “the [UAC’s] order is silent as to whether the appeals referee’s findings are supported by competent, substantial evidence; it simply expresses a different view of the evidence.” Id. at 551.
The instant record shows there was no competent evidence to establish that Dorff acted in deliberate disregard of her employer’s interests or that she otherwise acted willfully or wantonly. For that reason, we must find the appeals referee properly determined that there was insufficient evidence to establish that Dorff was guilty of misconduct in connection with her work.
Accordingly, the UAC’s order is reversed and the case remanded with directions that unemployment benefits be awarded to Dorff.
RYDER, A.C.J., and ALTENBERND, J., concur.