646 So.2d 261 (1994)
Susan E. DICKERSON, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Capitol Holding Agency Group, Inc., Appellees.
No. 94-00881.
District Court of Appeal of Florida, Second District.
November 30, 1994.
Stephanie A. Isaacs and John P. Cunningham of Gulfcoast Legal Services, Inc., St. Petersburg, for appellant.
William T. Moore of the Unemployment Appeals Com'n, Tallahassee, for appellee Com'n.
FRANK, Chief Judge.
Susan Dickerson was disqualified from receipt of unemployment compensation benefits. The Commission determined that she was fired for employment related misconduct when she failed to report for work one Monday morning. We have concluded as a matter of law that Dickerson's behavior does not rise to the level of misconduct and we reverse.
Dickerson called her supervisor on a Saturday to let her know that she would not be in on Monday because her husband, who normally took care of her stepson, had been offered work for the upcoming week. The family needed his earnings and could not afford to put the child in day care until the husband had received a paycheck. Dickerson's supervisor told her that she was needed at work the following week and that if she took the time off her job would be in jeopardy. On Sunday Dickerson again called her supervisor to let her know of her dilemma and offered to take an unpaid leave of absence. Again the supervisor refused to give Dickerson permission to be absent.
On Sunday night Dickerson learned that her husband would not be needed on Monday. She did not report to work however because she was suffering from a stress-related disorder. She was upset by her conversations with the supervisor, and she felt ill and in fear of a panic attack. Later in the day, the office manager called Dickerson to let her know that she was needed in the office and that her absence was not approved. Dickerson failed to tell the manager either that her husband was not working that day or that she was sick.
On Monday evening Dickerson spoke with her manager again and told him that she found out that her husband would not be working at all that week and that she could come in on Tuesday morning. The manager *262 then informed her that she had been discharged earlier in the day. Dickerson had worked for the company approximately ten years and had never been counseled about her attendance.
Although the employer might have been justified in terminating Dickerson, her conduct does not exhibit an intentional disregard of her duties and obligations to her employer. She did notify the employer in advance that she would not be in on the day that she missed, even though the ultimate reason for her absence was not revealed until later. Thus, the issue is whether Dickerson's failure to report to work on one day is misconduct connected with work such that would justify a denial of her unemployment compensation benefits. Those cases in which unauthorized absences from work have been held to be misconduct are based on facts far more egregious than those presented here. For instance, in Sanchez v. Dep't of Labor and Employment Security, 411 So.2d 313 (Fla. 3d DCA 1982), Sanchez's failure to report to work because of non-emergency sinus surgery was accompanied by Sanchez's repeated inability to report for work promptly and frequent verbal altercations with other employees. In Washington v. Burdines, 422 So.2d 932 (Fla. 3d DCA 1982), Washington took an unauthorized day off after deliberately failing to ask permission of a supervisor.
Dickerson's conduct, however, is much more akin to that in which an employee, with no prior record of warnings for absenteeism, has an isolated instance of unexcused absence or fails to notify the employer of the reason for the absence. This court has called a failure to inform the employer of illness "poor judgment" or "carelessness" that does not rise to the level of a wrongful intent or manifest a substantial disregard of the employer's interests. Seger v. Danner Construction Co., Inc., 611 So.2d 82 (Fla. 2d DCA 1992). Refusal to work because of family emergencies, in the face of an otherwise unblemished employment history, has been held not to constitute misconduct. Williams v. Unemployment Appeals Commission, 608 So.2d 572 (Fla. 5th DCA 1992). Even when an employer has a policy that an employee who does not telephone prior to missing work will be subject to immediate dismissal, a failure to notify the employer, accompanied by a legitimate inability to telephone as required, is not willful and wanton disregard of the employer's rules or misconduct justifying denial of benefits. Lamb v. Unemployment Appeals Commission, 424 So.2d 197 (Fla. 5th DCA 1983).
The referee did not reject Dickerson's testimony that she was ill on the day that she missed work. As we stated in Seger, the result might have been different if there were no evidence that the claimant was sick. Dickerson displayed poor judgment in failing to inform her employer that she was not feeling well, but the record of the relationship between claimant and employer suggests that Dickerson probably assumed that the employer would have no more sympathy for an illness-related absence than for a child-care emergency. In any event, her absence should not have disqualified her from receiving unemployment compensation benefits.
Accordingly, we reverse the order of the Unemployment Appeals Commission and remand for entry of an order authorizing Dickerson to receive unemployment benefits.
PATTERSON and QUINCE, JJ., concur.