655 So.2d 1242 (1995)
Delta L. BATES, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, and Evangelical Christian School, Inc., Appellees.
No. 94-02198.
District Court of Appeal of Florida, Second District.
May 26, 1995.
Suzanne Harris, Florida Rural Legal Services, Inc., Lakeland, for appellant.
John D. Maher, Unemployment Appeals Com'n, Tallahassee, for appellee Com'n.
FRANK, Chief Judge.
Delta Bates, a caregiver in the toddler room of Evangelical Christian School, was fired by the school for "not reporting to work for three days without notification." Upon review of her application for unemployment compensation benefits, the referee decided that the school had discharged Ms. Bates for misconduct connected with work. The Unemployment Appeals Commission upheld the referee's decision. We reverse the Commission; the referee was in error.
Ms. Bates was scheduled to work Monday, January 10, 1994, but she was ill with the flu. She did not have a phone in her apartment and she asked her mother to call and let her *1243 employer know she was ill. Ms. Bates stated at the hearing that her mother told the person who received her call that she would not call in again to update the school on her daughter's status. Ms. Hernandez, who received the call, testified that she was told Ms. Bates was ill and would call later. Ms. Bates did not communicate with the school the rest of the week. On January 14, 1994, she called in to ask that her check be released to a co-worker. On that day her supervisor sent her a letter advising that she had not reported to work for the prior three days without notification, and she was then fired.
The referee concluded that Bates had been terminated because "she failed to provide the employer with proper notification of her intentions to be absent from work for an entire week." The referee recognized Bates' testimony that her mother told the administrative assistant that her call on January 9, 1994 would be the only call for the entire week, and the referee did not reject that testimony. Because Ms. Bates had not called daily, the referee concluded that her failure to do so constituted misconduct connected with work.
The referee's report suggests that the finding of misconduct was based on the employer's policy requiring workers to call in on each day of absence from work, no matter what the circumstance. The record, however, reveals that, although such a policy existed, the employer's representative did not know whether Bates had received a copy of it. The school had never previously warned Ms. Bates about her absenteeism or her failure to report her reason for missing work. This contrasts with other cases in which a lack of notification to the employer constituted misconduct, such as CF Chemicals, Inc. v. Florida Dep't of Labor and Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981), in which the employee was bound by a collective bargaining agreement providing that if a worker missed three consecutive shifts without notice, the company could terminate the worker as a "voluntary quit." Similarly, in Barragan v. Williams Island, 568 So.2d 106 (Fla. 3d DCA 1990), the court held that the employee's excessive absenteeism constituted misconduct connected with work when he allowed a co-worker to report his absence; but the court specifically found that "a work rule was in force which required an employee to call in to report an absence. The employee, although he had been warned of this rule, disregarded it." 568 So.2d at 106.
The present matter involves a failure on the part of the employee to use good judgment, as did Seger v. Danner Construction Co., Inc., 611 So.2d 82 (Fla. 2d DCA 1992), and Dickerson v. Florida Unemployment Appeals Commission, 646 So.2d 261 (Fla. 2d DCA 1994). In Dickerson we concluded that, "[a]lthough the employer might have been justified in terminating Dickerson, her conduct does not exhibit an intentional disregard of her duties and obligations to her employer." 646 So.2d at 262. See also Lamb v. Unemployment Appeals Commission, 424 So.2d 197 (Fla. 5th DCA 1983). Ms. Bates should have had her mother call to update the employer regarding the status of her illness. Her failure to do so, however, should not render her ineligible for unemployment compensation.
PARKER and WHATLEY, JJ., concur.