PER CURIAM.
Because the findings of the appeals referee are supported by competent substantial evidence, the Unemployment Appeals Commission (UAC) erred in reweighing the evidence and rejecting the referee’s determination that Holloman was not discharged for misconduct connected with work. Scardino v. Unemployment Appeals Comm’n, 603 So.2d 549, 549-50 (Fla. 1st DCA 1992); Clay County Sheriff’s Office v. Loos, 570 So.2d 394, 395 (Fla. 1st DCA 1990); Shackleton v. Florida Unemploy. Appeals Comm’n, 534 So.2d 753, 753-54 (Fla. 1st DCA 1988). See also Maynard v. Florida Unemploy. Appeals Comm’n, 609 So.2d 143, 145 (Fla. 4th DCA 1992) (“This court cannot reweigh the evidence that the appeals referee considered in the ease, and neither may the UAC; and as long as there is competent substantial evidence in the record and the referee conducted the proceedings complying with the essential requirements of the law, both should affirm the referee’s decision.”); Verner v. State of Fla., Unemploy. Appeals Comm’n, 474 So.2d 909, 911 (Fla. 2d DCA 1985) (Where referee’s determination is supported by competent substantial evidence, “it was improper for the UAC to reweigh the evidence and substitute its findings for those of *311 the referee.”). Accordingly, the order on appeal is
REVERSED.
ZEHMER, C.J., and BARFIELD and KAHN, JJ., concur.