QUINCE, Judge.
Anessa Kriston appeals an order of the Unemployment Appeals Commission (UAC) declaring her ineligible for unemployment compensation benefits. We reverse because the UAC made factual findings which conflict with findings made by the appeals referee and because the referee’s findings were supported by substantial competent evidence.
Kriston worked as a mental health technician for Winter Haven Hospital from October 22, 1991, through November 16, 1995. She served in this capacity without incident until November 10, 1995, when she met with her immediate supervisor concerning a project she would be assigned to complete. At that meeting, Kriston resisted the assignment by telling her supervisor that she did not understand the assignment and felt unqualified to complete it. Following that meeting, the supervisor called his superior to complain of Kriston’s resistance and was told to schedule another meeting with Kriston in an effort to resolve the problem. Kriston and her supervisor then met again on November 15, 1995, at which time she again expressed concern about her ability to complete the project. Kriston’s supervisor became exasperated during the meeting and called her a “pain in the ass,” and the meeting ended with the problem remaining unresolved.
Later that day, the supervisor phoned Kri-ston’s office and demanded that she meet with him immediately to discuss the project. He was yelling and apparently still upset at that time. Kriston was also upset and needed to calm down so she suggested that they meet after a brief “cooling off’ period; however, her supervisor continued to yell, insisting that she meet with him immediately. Unwilling to listen to the supervisor’s yelling, Kriston told him that they could meet later and hung up the telephone.
After that call, the supervisor and his superior met with a hospital human resource officer who advised them to meet with Kri-ston the next morning and explain that the employment arrangement was “not working out.” They were to give her an opportunity to respond, and depending on her response, they were to tell her that any refusal to accept the assignment would be considered insubordination which would subject her to immediate termination. The next day, instead of following this directive, the supervisors simply gave Kriston two options: she could resign or be discharged. She later tendered her resignation.
Kriston was subsequently found eligible for unemployment benefits, and her employer was charged with reimbursing the unemployment compensation fund for the benefits awarded. On appeal by the employer, the appeals referee determined that Kriston was discharged for reasons other than misconduct in connection with work and was therefore eligible to receive unemployment benefits. The UAC reversed the referee’s decision, finding it was “not in accord with the law.”
Section 120.57(l)(b), Florida Statutes (1995), controls UAC decisions which depart from referee determinations. This section provides that following an administrative hearing before an appeals referee, or other hearing officer:
9. [T]he hearing officer shall complete and submit to the agency and all parties a recommended order consisting of the officer’s findings of fact, conclusions of law, interpretation of administrative rules, and recommended penalty....
*691 10. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order. [However,] [t]he agency may not reject or modify the findings of fact, including findings of fact that form the basis for an agency statement unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based on competent substantial evidence or that the proceedings ... did not comply with the essential requirements of law. (emphasis added)
On review of an agency’s order, the appellate court must determine whether the order is supported by substantial competent evidence and whether agency action taken in the order is outside of the agency’s delegated range of discretion. See § 120.68(12), Fla.Stat. (1995); Doyle v. Florida Unemployment Appeals Commission, 635 So.2d 1028 (Fla. 2d DCA 1994).
In the present ease, the referee’s factual findings indicate that Kriston “merely protested],” the assignment and questioned her capacity to complete it; the referee expressly found that she never refused to complete the project. Moreover, the referee’s decision states that Kriston did in fact accept the project; she also made suggestions as to how it might be completed during the initial meeting with her supervisor. As for the employer’s allegations of insubordinate conduct relative to Kriston abruptly ending the telephone conversation with her supervisor on November 15,1995, the referee found that Kriston did not refuse to meet with him, but wisely suggested that they meet after both had an opportunity to calm down.
On the other hand, in its order reversing the referee’s decision, the UAC found that Kriston was discharged for conduct constituting insubordination; that she was uncooperative and repeatedly refused to accept the assigned project; that she hung up on her supervisor; and, that she refused to comply with his requests for further discussion on the project. The UAC’s order makes no reference to record evidence to support these findings.
We find that the UAC abused its discretion in modifying the referee’s factual findings without determining that the referee’s findings were unsupported by substantial competent evidence.[1] § 120.57(l)(b)(10), Fla.Stat. (1995). We note that the referee found that the supervisor’s testimony was not credible and resolved all conflicts in testimony in Kriston’s favor. It is in the referee’s sole province as trier-of-fact to judge the credibility of witnesses. The UAC is not permitted to reweigh the evidence or reinterpret evidence to arrive at a desired conclusion. See Freddo v. Unemployment Appeals Commission, 685 So.2d 874 (Fla. 2d DCA 1996); Rex v. Unemployment Appeals Commission, 634 So.2d 257 (Fla. 2d DCA 1994).
The findings which form the basis of the UAC’s decision are in direct conflict with the referee’s findings of fact and are unsupported by competent substantial evidence. Therefore, we set aside the order pursuant to section 120.68(10), Florida Statutes (1995), and remand for entry of a final order consistent with the referee’s decision.
PATTERSON, A.C.J., and NORTHCUTT, J., concur.

. Neither party requested that the tape of the proceedings be transcribed. Therefore, we rely solely on the referee's findings as trier-of-fact in reaching this conclusion. In the absence of a hearing transcript, we question whether the UAC made a "complete” review of the record as required by section 120.57(l)(b)(10), before modifying the referee’s findings.