PER CURIAM.
The claimant, Sunita A. Mohammed, appeals from an order of the Unemployment Appeals Commission [UAC] disqualifying her from receiving unemployment compensation benefits. We reverse the UAC’s order and reinstate the appeals referee’s initial determination of benefits.
The claimant contends that the UAC erred by reversing the appeals referee’s determination of benefits where the employer failed to meet its burden of showing that the claimant was discharged for misconduct connected with work. We agree.
The appeals referee made the following findings of fact:
The claimant was employed as an operations analyst 1 for an insurance company from February 22, 1999, through April 4, 2002. The claimant’s work hours were 8:30 a.m. to 5:30 p.m., Monday through Friday. The claimant was told at the time of hire that there would be times when she needed to work more than 40 hours to complete her work. The hiring employer told the claimant that this would not always happen. The claimant would work through her lunches and stay later until her work was completed. The claimant was on maternity leave until December 11, 2001. When the claimant returned, she was transferred to another department within the company. This was not at the claimant’s request. In January 2002, the new employer changed the claimant’s hours of work. The employer told the claimant she would need to work her regular hours, and up to 9:00 p.m. on Wednesday to complete the work. The claimant told the supervisor that she was willing to work through her lunches and stay up to 6:00 p.m. through the week, but did not have childcare past 6:30 p.m. and could not work up to 9:00 p.m. The claimant also offered to take work home, so that she could complete the assignments she was given. The employer did not want the claimant to work the extra hours she was suggesting, only the new hours they were presenting. The employer discharged the claimant for alleged insubordination, for refusing to work extra hours.
The appeals referee concluded that the employer failed to meet its burden of showing that the claimant was discharged for misconduct connected with work. Specifically, the appeals referee found that the employer changed the claimant’s terms of hire. The appeals referee reasoned that the claimant did not refuse to work extra hours, only that she could not stay until 9:00 p.m. due to childcare problems. Further, the appeals referee noted that the claimant had offered alternatives that the employer had rejected.
The employer appealed the determination of benefits to the UAC. The UAC *568 reversed the appeals referee’s determination of benefits on the basis that “there is no evidence in the record that the claimant’s job duties had changed or that the requirement that the claimant work additional hours was a new requirement.” The UAC found that the claimant’s refusal to work the additional evening hours amounted to misconduct connected with work and disqualified the claimant from receiving benefits. The claimant’s appeal follows.
The claimant contends that the UAC erred by reversing the appeals referee’s determination where the determination was supported by substantial, competent evidence. We agree.
The UAC can only substitute its judgment for that of the appeals referee when the appeals referee’s determination is not supported by competent, substantial evidence. Perez v. American Med., Inc., 842 So.2d 285, 286 (Fla. 3d DCA 2003); Ferguson v. Henry Lee Co., 734 So.2d 1161, 1162 (Fla. 3d DCA 1999); Tourte v. Oriole of Naples, Inc., 696 So.2d 1283 (Fla. 2d DCA 1997). In the instant case, the appeals referee’s determination that the claimant was discharged for reasons other than misconduct connected with work was, in fact, supported by competent, substantial evidence. It is uncontroverted that when the claimant returned from maternity leave, she was transferred to another department where the hours that the claimant was required to work were not those agreed to on hire. In her former position, the claimant was not required to work until 9:00 p.m. once a week. Additionally, although required to work additional hours in her former position, the supervisor allowed her to work through lunch and stay until 6:00 p.m. to complete those additional hours. Clearly, there was evidence that the claimant’s terms of hire had changed. For this reason, we find that the UAC improperly substituted its judgment for that of the appeals referee.
Accordingly, we reverse the UAC’s order disqualifying the claimant from receiving benefits and reinstate the appeals referee’s initial determination of benefits.