STEVENSON, J.
This is an appeal from a final order of the Unemployment Appeals Commission denying benefits. We reverse.
Sandra Cruz was discharged from her position at the gift shop in the Miami Airport after she failed to report to work because she decided to take five days off from work in order to attend her daughter’s overseas wedding despite the fact that her employer had denied her leave request. A claims adjuster initially determined the termination was for reasons “other than misconduct connected with the work” and found that unemployment compensation benefits were payable. The em *1012 ployer appealed and the appeals referee also found there was no “misconduct.” The appeals referee found that, on June 4, 2003, appellant had received notice that her daughter, who was in the military, would be getting married in Italy on June 13, 2003. The wedding had been set for June 13, 2004, but the daughter’s fiancé, who was also in the military, had been transferred to Italy and probably would be sent to Iraq. The two decided to move up the wedding date and have the ceremony in Italy. After appellant’s request for leave was denied, she wrote a letter to her employer, stating that because of the importance of the event, she was going to attend the wedding anyway and would be off from work from Wednesday, June 11, 2003, to Wednesday, June 18, 2003. Upon appellant’s return, she was fired.
The appeals referee found that Cruz’s conduct was an unapproved, temporary absence, with proper notice to the employer, for the purpose of responding to a legitimate, family emergency and did not constitute “misconduct.” The appeals referee stated that: “Given the dire circumstances involved and the possibility of the daughter’s boyfriend being shipped to Iraq, it was reasonable for the claimant to consider this an emergency situation.” The employer appealed and the UAC accepted the referee’s findings of fact, but found Cruz’s actions did amount to “misconduct”:
The claimant was discharged for taking a week off after specifically being advised that her leave request was denied. While the claimant might have had a compelling personal reason for wanting to attend her daughter’s wedding, the employer acted within its rights in refusing her leave request. Contrary to the referee’s reasoning, the claimant’s situation did not constitute a legitimate family emergency as that term is defined in relevant case law. The claimant’s unauthorized absence from work therefore constituted conduct in deliberate disregard of her duties and obligations to the employer and amounted to misconduct within the meaning of the law.
In reviewing the UAC’s determination that Cruz was guilty of misconduct, a question of law, this court’s role is limited to ascertaining “whether the interpretation is clearly erroneous.” Accord Human Res. of Fla., Ill, Inc. v. Unemployment Appeals Comm’n, 868 So.2d 595, 597 (Fla. 5th DCA 2004). We agree with the UAC’s conclusion that appellant’s daughter’s wedding did not constitute a “family emergency” as defined in prior cases. See, e.g., Lewis v. Lakeland Health Care Ctr., Inc., 685 So.2d 876 (Fla. 2d DCA 1996); Foote v. Unemployment Appeals Comm’n, 659 So.2d 1232 (Fla. 5th DCA 1995). Nevertheless, the fact that appellant’s unauthorized absence was not precipitated by a family emergency does not necessarily equate to a finding that she was guilty of “misconduct.” Several principles must be kept in mind in deciding whether an employee’s behavior rises to the level of misconduct. First, the burden of establishing misconduct lies with the employer. See Gilbert v. Dep’t of Corrections, 696 So.2d 416, 418 (Fla. 1st DCA 1997). Second, in determining whether an employee’s actions rise to the level of “misconduct,” “the statute must be liberally construed in favor of the claimant.” Foote, 659 So.2d at 1233. And, “ ‘[although an employee’s actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits.’ ” Vilar v. Unemployment Appeals Comm’n, 889 So.2d 933, 935 (Fla. 2d DCA 2004) (quoting Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996)).
Florida’s unemployment compensation statute defines “misconduct” as conduct evincing such “willful or wanton disregard of an employer’s interests” as is found in *1013 “deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee.” § 443.036(29)(a), Fla. Stat. (2003). In Scardino v. Unemployment Appeals Comm’n, 603 So.2d 549 (Fla. 1st DCA 1992), a case involving an unauthorized absence, the employee’s fíancé’s sister had been killed by a drunk driver. The employee had worked for the company for over a year at the time of the trial and received permission to be absent for two days to attend the trial. The employee was not a witness, but her presence had been requested by her mother-in-law-to-be and the prosecuting attorney. The trial ran longer than expected; the employee received permission to be absent a third day. When the trial ran a fourth day, the employer refused to authorize the absence. The employee nonetheless attended the trial and was discharged. The employee’s claim for benefits was initially denied; thereafter, an appeals referee determined the employee was not guilty of misconduct and, thus, entitled to benefits. The UAC reversed that decision, finding that “[a]n employer has a right to expect its employees to report to work as scheduled” and that when the employee failed to report despite the fact that her employer had expressly disapproved the absence, the employee “violated her duties and obligations to the employer.” Id. at 550. The First District reversed the UAC’s denial of benefits, noting that the employee did not have a history of excessive absenteeism and finding that the employee’s actions simply did not amount to a “willful[] or wanton[] disregard [of] the standards of behavior which the employer has the right to expect” nor a “substantial] disregard [of] the employer’s interests or the employee’s duties ■ and obligations.” Id. at 551. Cf. Menendez v. River Orchids Inv. Corp., 653 So.2d 470 (Fla. 3d DCA 1995) (reversing denial of benefits and finding no misconduct where nine-year employee with spotless employment history commenced her three-week vacation when her daughter gave birth, but did not inform her supervisor directly that she had done so until the fourth day into her vacation period, in violation of company policy); Lamb v. Unemployment Appeals Comm’n, 424 So.2d 197 (Fla. 5th DCA 1983) (reversing denial of benefits and finding of misconduct where, despite company policy subjecting employee to immediate dismissal for failure to report to work or call in prior to an absence, employee who had moved into new home failed to report to work on Monday and did not call as there was no phone service in new home).
In Scardino, the employee was afforded three days to see to her personal matters, but failed to report to work despite the fact that her absence on the fourth day was unauthorized; the record, however, failed to demonstrate the employee had any history of unauthorized absences; such circumstances were found to be insufficient to rise to the level of “misconduct.” 603 So.2d at 550-51. Here, the employer denied an employee with more than a decade of service any time to attend her daughter’s overseas wedding; the employee nonetheless made the decision to go, leaving her employer with notice that she would be absent for five work days. While the absence was clearly unauthorized, there are other considerations that weigh against a finding of misconduct as the referee specifically found (1) that one of Cruz’s supervisors had offered to fill in for her and (2) that the employer failed to present sufficient evidence to demonstrate Cruz had a history of absenteeism or unsatisfactory attendance during her long tenure. Viewed as a whole, the circumstances surrounding Cruz’s brief absence cannot be described as conduct evincing “willful or wanton” disregard of the employer’s interests. We hold that the present circumstances are akin to those in *1014 Scardino and do. not rise to the level of misconduct as a matter of law.
Accordingly, the order of the UAC reversing the appeals referee’s finding that appellant is entitled to unemployment benefits is reversed. This cause is remanded with directions that appellant be awarded the full benefits to which she is entitled.

Reversed and Remanded.

SHAHOOD and GROSS, JJ., concur.