TAYLOR, J.
 

 The claimant appeals the final order of the Florida Unemployment Appeals Commission (UAC), which reversed the decision of an appeals referee and found that the claimant was disqualified for benefits due to his discharge for misconduct connected with work. We reverse.
 

 The appeals referee made the following factual findings:
 

 The claimant worked as a maintenance technician for this employer from January 2007 to a last day of work on April 28, 2008. Over the course of the claimant’s employment he had been warned more than once about his attendance. The claimant was given a warning in February 2008 about failing to call the employer to give notice of an absence. The claimant has emphysema. He does not have a telephone. His girlfriend has a telephone.
 

 The claimant started feeling sick on April 28, 2008. He found it hard to breathe. He stayed at home starting on April 29, 2008 and took medication for his breathing. The problem did not improve. The claimant’s girlfriend was away and she had her telephone with her. The claimant went next door, but his neighbor was away, too. The claimant decided to go to the VA hospital, but he found that it was too painful to wait at the bus stop. The claimant went to the VA hospital on May 1, 2008. The claimant finally had access to a telephone, and so he called the employer late that night, leaving a message that he would be absent the next day. The claimant went to his primary care doctor the next day. The claimant got a note from his doctor about his illness. The claimant appeared at work on May 5, 2008, but the employer informed the claimant that he did not have a job, since he had not given the employer notice of being absent during three consecutive work days.
 

 The appeals referee concluded that the claimant was qualified to receive benefits because he was discharged for reasons other than misconduct. The referee stated, in pertinent part:
 

 The claimant’s testimony shows that, while he did not have a telephone of his own, he could usually rely on his girlfriend or neighbor to lend him the use of one. The testimony shows that the claimant could not conduct a search elsewhere for a means to notify the employer. But the evidence shows that the claimant did notify the employer when he could. Accordingly, while the employer may well have made a sound business decision to discharge the claimant, the discharge was not for disqualify
 
 *147
 
 ing misconduct, within the meaning of the unemployment compensation law.
 

 The employer appealed the referee’s decision to the UAC. The UAC disagreed with the referee’s conclusion that the claimant was qualified for benefits and reversed his decision.
 

 A reviewing court must defer to an agency’s interpretation of a statute as long as that interpretation is consistent with legislative intent and supported by competent substantial evidence.
 
 Pub. Employees Relations Comm’n v. Dade County Police Benevolent Ass’n,
 
 467 So.2d 987, 989 (Fla.1985). The administrative construction of a statute by the agency charged with its administration is entitled to great weight. This court may not overturn an agency interpretation unless clearly erroneous.
 
 Dep’t of Ins. v. Se. Volusia Hosp. Dist.,
 
 438 So.2d 815, 820 (Fla.1983).
 

 The Commission found that the claimant was disqualified from receiving benefits due to “misconduct.” That term is defined by statute as follows:
 

 (29) “Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
 

 (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
 

 § 443.036(29), Fla. Stat. (2008).
 

 The UAC is bound by the findings of fact made by the appeals referee as long as competent, substantial evidence is present in the record to support them.
 
 Brooks v. Unemployment Appeals Comm’n.,
 
 695 So.2d 879, 881 (Fla. 5th DCA 1997). In this case, the Commission contends that it did not substitute its judgment for that of the appeals referee as to factual matters, but rejected the referee’s legal conclusion that the claimant’s failure to notify his employer of his absence, under the circumstances, did not amount to misconduct.
 

 In
 
 Bates v. Unemployment Appeals Commission,
 
 655 So.2d 1242 (Fla. 2d DCA 1995), the claimant, a caregiver in the toddler room of a Christian school, developed the flu on Monday. She did not have a phone in her apartment. She asked her mother to call and let her employer know she was ill. The school official who received the mother’s call testified that she was told that the claimant was ill and would call later. The claimant did not communicate with the school the rest of the week. Because she had not called daily, the referee found misconduct and denied benefits. The second district reversed, stating:
 

 Ms. Bates should have had her mother call to update the employer regarding the status of her illness. Her failure to do so, however, should not render her ineligible for unemployment compensation.
 

 Id.
 
 at 1243.
 

 In
 
 Dickerson v. Florida Unemployment Appeals Commission,
 
 646 So.2d 261 (Fla. 2d DCA 1994), the court stated:
 

 This court has called a failure to inform the employer of illness “poor judgment” or “carelessness” that does not rise to the level of a wrongful intent or manifest a substantial disregard of the employer’s interests.
 
 Seger v. Danner Construction Co., Inc.,
 
 611 So.2d 82 (Fla. 2d DCA
 
 *148
 
 1992)....
 
 Even when an employer has a policy that an employee who does not telephone prior to missing work will be subject to immediate dismissal, a failure to notify the employer, accompanied by a legitimate inability to telephone as required, is not willful and wanton disregard of the employer’s mies or misconduct justifying denial of benefits. Lamb v. Unemployment Appeals Commission, 424
 
 So.2d 197 (Fla. 5th DCA 1983).
 

 (emphasis added).
 

 In this case, the appeals referee determined that the claimant had a legitimate inability to telephone his employer as required. This finding supports the referee’s conclusion that the claimant’s failure to notify his employer during his absence was mere “poor judgment” that did not rise to the level of misconduct.
 

 Reversed and Remanded.
 

 GROSS, C.J., and HAZOURI, J., concur.