PER CURIAM.
 

 Coastline Federal Credit Union (the employer) appeals the final order of the Unemployment Appeals Commission (UAC), entitling Jannie Anderson (Claimant) to unemployment compensation benefits. The appeals referee found that Claimant
 
 *319
 
 was not entitled to benefits, but the UAC reversed this determination and found that Claimant’s behavior did not constitute misconduct. The employer argues, and we agree, that the UAC impermissibly rejected the appeals referee’s factual findings when it concluded that Claimant was not discharged for misconduct.
 

 In the recommended order, the appeals referee found that Claimant was discharged for insubordination when she circumvented the employer’s conflict resolution policy, after previously receiving a written warning for insubordination, and when she disrupted the employer’s business. There was conflicting evidence presented to the appeals referee on these issues; however, the referee specifically found that the employer’s witnesses were more credible and the referee’s findings were supported by competent, substantial evidence. When reviewing the appeals referee’s order, the UAC may not reweigh the evidence or substitute its own findings for those of the referee when the referee’s findings are supported by competent, substantial evidence.
 
 Watson v. Summit
 
 Asset
 
 Mgmt., LLC,
 
 22 So.3d 145, 147 (Fla. 4th DCA 2009);
 
 Szniatkiewicz v. Unemployment Appeals Comm’n,
 
 864 So.2d 498, 502 (Fla. 4th DCA 2004). In this case, the UAC wrongfully rejected the appeals referee’s findings. Accordingly, we reverse the order of the UAC and direct the UAC to enter an order consistent with the decision of the appeals referee.
 

 REVERSED and REMANDED with instructions.
 

 DAVIS, VAN NORTWICK, and THOMAS, JJ., concur.