SWANSON, J.
 

 This is an appeal of an Administrative Order by the 'Florida Unemployment Appeals Commission (FUAC) reversing the decision of an appeals referee which disqualified Gregory D. Guilmette (“the claimant”) from receipt of benefits for misconduct. Peace River Distributing, Inc. (“the employer”), appeals that final order of the FUAC.
 

 The claimant worked as a route delivery driver for a wholesale beverage distributor for approximately thirty months before being discharged for misconduct. The asserted misconduct was claimant’s failure to pass a random drug test; claimant purportedly tested positive for marijuana and, as a result, was terminated from employment. It was uncontroverted the employer maintained a drug free workplace and a random drug test was conducted on claimant by the employer in accordance with that policy. The policy was communicated to employees upon hire, in the employee handbook, and claimant was aware of the drug free workplace policy.
 

 At a telephonic hearing held before the appeals referee, only two witnesses appeared: an employer representative and claimant. The employer representative testified, without any objection, that claimant was terminated as a result of having tested positive for marijuana on a random drug test. Test results and chain of custody documentation were not provided by the employer during this hearing. Claimant then testified. The appeals referee
 
 *463
 
 concluded claimant’s testimony contained admissions.
 

 The appeals referee found the employer had implemented the drug free workplace program under the Florida Workers’ Compensation Program and that claimant was aware of the program. The referee further found that although the employer failed to submit “test results and chain of custody documentation provided to the employer by a licensed and approved drug-testing laboratory,” at the hearing, the referee found claimant’s admission that he failed the drug test was “sufficient in finding misconduct connected with work.” The commission reversed, finding:
 

 [T]he claimant did not admit guilt. His testimony was very short. He was asked the reason given for the termination, and he responded he had a positive failed drug test for marijuana. He indicated he would have been able to come back in a week because the EAP specialist saw it was “just a stupid mistake not a drug problem.” The referee did not ask for clarification, and never asked the claimant if he used marijuana prior to the drug test, how much, if any, he used, or the timeframe of any use. The referee likewise never asked him if he was under the influence of drugs at work.
 

 We conclude the commission’s finding contravened the well-settled principle that “[w]hen reviewing the appeals referee’s order, the [Unemployment Appeals Commission] may not reweigh the evidence or substitute its own findings for those of the referee when the referee’s findings are supported by competent, substantial evidence.”
 
 Coastline Fed. Credit Union v. Fla. Unemployment Appeals Comm’n,
 
 72 So.3d 318, 319 (Fla. 1st DCA 2011) (citing
 
 Watson v. Summit Asset Mgmt., LLC,
 
 22 So.3d 145, 147 (Fla. 4th DCA 2009);
 
 Szniatkiewicz v. Unemployment Appeals Comm’n,
 
 864 So.2d 498, 502 (Fla. 4th DCA 2004)).
 
 See also Mohammed v. Fla. Unemployment Appeals Comm’n,
 
 847 So.2d 566, 568 (Fla. 3d DCA 2003);
 
 Grossman v. Jewish Cmty. Ctr. of Greater Ft. Lauderdale,
 
 704 So.2d 714, 716 (Fla. 4th DCA 1998);
 
 Tourte v. Oriole of Naples, Inc.,
 
 696 So.2d 1283 (Fla. 2d DCA 1997). “It is in the referee’s sole province as trier-of-fact to judge the credibility of witnesses. The [Unemployment Appeals Commission] is not permitted to reweigh the evidence or reinterpret evidence to arrive at a desired conclusion.”
 
 Kriston v. Fla. Unemployment Appeals Comm’n,
 
 693 So.2d 689, 691 (Fla. 2d DCA 1997).
 
 See also Morrison v. Newport Wholesalers, Inc.,
 
 738 So.2d 1037, 1038 (Fla. 3d DCA 1999).
 

 The decision of the appeals referee in this case did not ignore the rule that it is the employer’s burden to prove an unemployment compensation claimant committed misconduct connected with his employment.
 
 See Sheriff of Monroe Cnty. v. Unemployment Appeals Comm’n,
 
 490 So.2d 961 (Fla. 3d DCA 1986);
 
 Sears, Roebuck & Co. v. Unemployment Appeals Comm’n,
 
 463 So.2d 465 (Fla. 2d DCA 1985). Nor did the referee’s decision overlook the employer’s duty to demonstrate the drug test was conducted in conformity with the requirements of section 443.101(11), Florida Statutes.
 
 See Dann Ocean Towing, Inc. v. Fla. Unemployment Appeals Comm’n,
 
 37 So.3d 968, 968 (Fla. 1st DCA 2010). Here, there was no erroneous conclusion of law reached by the appeals referee that would have authorized the commission to reject the referee’s conclusion and substitute its own correct conclusion of law.
 
 See
 
 § 120.57(1)(£), Fla. Stat (2010) (“The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction. ...”);
 
 Ritenour v. Unemployment
 
 
 *464
 

 Appeals Comm’n,
 
 570 So.2d 1106, 1108 (Fla. 5th DCA 1990);
 
 Microfile, Inc. v. Williams,
 
 425 So.2d 1218 (Fla. 2d DCA 1983). The appeals referee weighed all the evidence and found the employer’s testimony, when considered with claimant’s testimony that he failed the drug test and his use of marijuana was a “stupid mistake,” was sufficient evidence in light of all the evidence presented, that claimant “used or was using controlled substances.” In sum, the appeals referee concluded the claimant’s testimony contained an admission. Competent and substantial evidence (claimant’s testimony) supported the appeals referee’s finding and ultimate conclusion that the claimant committed misconduct by violating the employer’s drug free workplace policy.
 
 See Ford v. Se. Atl. Corp.,
 
 588 So.2d 1039 (Fla. 1st DCA 1991) (holding that an employee may be terminated for misconduct after only one positive drug test result). We hold the commission’s rejection of the appeals referee’s findings was an impermissible substitution of its own findings in place of those of the referee. For that reason, the final order of the Unemployment Appeals Commission is REVERSED.
 

 VAN NORTWICK, and LEWIS, JJ., concur.