627 So.2d 581 (1993)
Ellen B. HUBBARD, Appellant,
v.
BEST TERMITE & PEST CONTROL and the Florida Unemployment Appeals Commission, Appellees.
No. 92-04529.
District Court of Appeal of Florida, Second District.
December 1, 1993.
Ellen B. Hubbard, pro se.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
RYDER, Judge.
Ellen Hubbard challenges an order of the Unemployment Appeals Commission that disqualifies her from receiving unemployment compensation benefits because of job misconduct. We reverse because the record contains no competent, substantial evidence of misconduct.
Hubbard's employer, Best Termite, dismissed her for insubordination. Hubbard appealed the Division of Unemployment Compensation's determination that she was not entitled to benefits. The evidence before the appeals referee showed that Hubbard had asked for a day of vacation in order to attend a golf tournament in which her son was competing. Her supervisor denied her request. On the day in question, Hubbard called in sick, complaining of pain in her arm. Later that afternoon, she attended the golf match. The employer contended that Hubbard had told coworkers she intended to feign illness and take the day off in defiance of her supervisor's order.
Best Termite knew Hubbard had been under a doctor's care for arm pain for several months. When pain occurred, her doctor had instructed her to apply compresses and keep the arm immobile. Mrs. Hubbard testified that her pain would have prevented her from performing her office duties both in the morning when she was at home and, to a lesser extent, in the afternoon when she attended the tournament. Her husband drove her to the golf match and she kept her arm *582 immobilized in a sling. A week after her termination, her doctor determined she had a large tumor in her arm, which was surgically removed several weeks later.
The appeals referee specifically found that Hubbard had told other employees she would call in sick on the day in question. This finding is simply not supported by competent, substantial evidence. Hubbard did not admit the statement. The coworkers to whom Hubbard allegedly made the statement did not testify, nor did they submit affidavits. The only evidence on this point was from the employer's representative who did not have personal knowledge. Without competent evidence to support a finding of insubordination, Mrs. Hubbard's actions do not rise to the level of misconduct defined in section 443.036(26), Florida Statutes (1991). While Mrs. Hubbard's decision to attend her son's golf match while on a sick day was unwise, she did not have a history of abusing the company's sick leave policy. The evidence showed she had a continuing problem with arm pain that resulted in surgery. We hold that she committed one good faith error in judgment, which does not disqualify her from unemployment benefits under section 443.101(1)(a), Florida Statutes (1991). See Seger v. Danner Constr. Co., 611 So.2d 82 (Fla. 2d DCA 1992); Goldstein v. Ury Kalai, M.D., P.A., 480 So.2d 695 (Fla. 4th DCA 1985).
Reversed.
FRANK, C.J., and PARKER, J., concur.