PARKER, Chief Judge.
Samella D. Walker appeals the order of the Unemployment Appeals Commission (UAC) denying her claim for unemployment compensation benefits based upon its finding that she had been discharged from employment for misconduct. We reverse, because the record does not contain competent, substantial evidence of misconduct.
Walker, a program coordinator for Tampa-Hillsborough County Drug Abuse Comprehensive Coordinating Office (DAC-CO), a substance abuse treatment program, ■with a five-year excellent work record, was discharged after two employees under her supervision alleged that she had utilized then-services to complete her personal work on company time. The two employees alleged that they had typed, edited, or otherwise completed homework and other assignments for Walker in connection with course work required for her Master’s degree. Furthermore, they alleged that they performed these services on company time with company resources. Walker admitted to the UAC claims adjuster that she had engaged Bishop and Vickers to assist her in proofreading and typing some of her college assignments, but she stated that she instructed them that such work was to be done at home on their personal time pursuant to compensation arrangements which she had negotiated with them.
At the hearing before the appeals referee, Walker testified that she instructed the two employees to perform the work on their own time. Walker acknowledged that one of the employees told her that she did the work on office time, but after the fact. The only person at the hearing from DACCO was the executive director, Bill James. He did not have any personal knowledge of the arrangement between the employees and Walker. His knowledge consisted of what the employees alleged and how Walker, responded to their allegations. James testified at the hearing from his report and relied on a letter from only one employee, which was not sworn. James failed to give any reason for why the employees were unavailable to testify-
We conclude that it was error for the appeals referee to rely on the hearsay evidence obtained from James in making a decision. See Hubbard v. Best Termite & Pest Control, 627 So.2d 581 (Fla. 2d DCA 1993). In Hubbard, this court held that statements of coworkers who did not testify or submit sworn affidavits did not furnish competent, substantial evidence to support the agency’s finding of insubordination. See id. at 582. Additionally, this court noted that the testimony of the employer’s representative, who did not have personal knowledge of the alleged incident, was not competent evidence. See id.
Further, even if Walker’s actions supported termination, they do not rise to the level of misconduct. First, there was no policy against hiring employees to do this work, and James did not give Walker any prior warnings. Walker was a five-year employee with an excellent work history. When confronted with the allegations, Walker did not deny the fact that she hired the employees, only that she told the employees to do the work on their own time.
This court in Fredericks v. Florida Department of Commerce Industrial Relations Commission, 323 So.2d 286, 288 (Fla. 2d DCA 1975), quoting, Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (Wis.1941), adopted the following definition of misconduct:
“ ‘Misconduct’ ... is limited to conduct evincing such wilful or wanton disregard of an employer’s interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to mainfest [sic] equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer. On the other hand ... good faith errors in judgment or discretion are not to be deemed ‘misconduct’ within the meaning of the statute.”
See also § 443.036(26), Fla. Stat. (1995). Generally, one good faith error in judgment does not disqualify an employee for unem *280 ployment benefits. See Seger v. Danner Constr. Co., Inc., 611 So.2d 82 (Fla. 2d DCA 1992). Accordingly, we reverse and remand with directions to award Walker unemployment compensation benefits.
Reversed and remanded with directions.
FRANK and FULMER, JJ., concur.