503 So.2d 1340 (1987)
CARGILL, INC., Appellant,
v.
Henry L. HILL and Florida Unemployment Appeals Commission, Appellees.
No. BN-18.
District Court of Appeal of Florida, First District.
March 11, 1987.
*1341 David J. Linesch of Haynsworth, Baldwin, Miles and Bowden, Jacksonville, for appellant.
John D. Maher, Tallahassee, for appellees.
ERVIN, Judge.
Cargill appeals from an order of the Unemployment Appeals Commission that awarded claimant Hill unemployment compensation benefits. The order found that claimant's absenteeism was not, under the circumstances, misconduct within the meaning of Section 443.036(24), Florida Statutes.[1] We affirm.
The misconduct which Cargill claims disentitled Hill to benefits related to four different absences over a three-month period of time. Cargill had a strict absentee policy, requiring any employee who was sick or late to work because of illness to bring with him or her a note from a physician relating the date the employee went to the doctor and the nature of the illness. The record divulges that during the periods of time that claimant was absent from work, he received a note from his physician on only one occasion. Although claimant did not provide his employer with a note from his physician during his last unexcused absence, he did call in sick. His explanation for failing to report to a doctor was that he was suffering from a minor stomach disorder which he considered he could recover from without the necessity of a physician's intervention. The appeals referee found that the claimant's violation of his employer's absenteeism policy disqualified him from receiving unemployment benefits, because in his view the claimant's absenteeism without excuse was misconduct, as defined by section 443.036(24). The Unemployment Appeals Commission reversed the recommended finding, holding that as a matter of law the referee had misinterpreted the statute as applied to the facts of the case.
The employer argues that the agency's interpretation is incorrect in that it conflicts with that given the statute by the Florida Supreme Court in Tallahassee Housing Authority v. Florida Unemployment Appeals Commission, 483 So.2d 413 (Fla. 1986), which construed the statute as placing the burden on the employee to rebut the presumption, once absenteeism is established, that his absenteeism should not be labeled as misconduct within the meaning of the statute. In the present case the employer submitted evidence which complied with the statutory presumption of misconduct by showing claimant's absence from his employment on several different occasions without written excuse, in violation of the employer's policy *1342 requiring a physician's excuse for the employee's failure to report to work. The employee was then required to present evidence tending to rebut the presumption, and the Commission has concluded, in a mixed finding of both law and fact, that he has done so. We agree.
In its interpretation of the statute, the Commission concluded that an employee's absence from work based upon a compelling reason, when properly reported to the employer without a note from a physician, does not rise to the statutory level of misconduct on the grounds that the employee's actions cannot be considered to constitute a willful or wanton disregard of the employer's interests, or negligence of such a degree as to disclose an intentional and substantial disregard of the employer's interests. We defer to the Commission's interpretation. The rule is clear that an agency's interpretation of a statute, with which it is legislatively charged with administering, shall be accorded great weight and should not be overturned "unless clearly erroneous." The Department of Insurance v. Southeast Volusia Hospital District, 438 So.2d 815, 820 (Fla. 1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984).
AFFIRMED.
SHIVERS, J., concurs.
ZEHMER, J., specially concurs with opinion.
ZEHMER, J., specially concurring.
I fully concur in the majority opinion, and write only to add an observation prompted by the difficulties encountered by appellee in obtaining medical treatment.
Of course, Cargill has the right to establish rules for its employees, including requirements to obtain a doctor's certificate when an employee's absence is due to illness. If in doing so, however, Cargill also expects to treat the failure to obtain such certificate as misconduct warranting discharge from employment within the meaning of section 443.036(24), Florida Statutes (1985), Cargill should make arrangements to have a doctor available to its employees so that they can timely obtain such certificate. The record in this case shows without contradiction that appellee had, on several occasions, been unable to schedule an appointment with a doctor in time to obtain the required certificate before returning to work because his illness, while temporarily disabling, was not serious enough to be treated as an emergency. Since Cargill had no physician readily available to its employees, it should not be entitled to treat the employee's failure to obtain a doctor's certificate as misconduct.
NOTES
[1] Section 443.036(24), Florida Statutes, states in pertinent part as follows:

"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.