726 So.2d 833 (1999)
Juan F. NAVARRETE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 98-1650.
District Court of Appeal of Florida, Third District.
February 3, 1999.
Juan F. Navarrete, in proper person.
*834 John D. Maher, Tallahassee, for appellee Florida Unemployment Appeals Commission.
Before SCHWARTZ, C.J., and JORGENSON and GERSTEN, JJ.
PER CURIAM.
Juan Navarrete appeals from an order of the Unemployment Appeals Commission that affirmed the denial of unemployment compensation benefits on the basis of misconduct connected with his work. For the reasons that follow, we reverse.
As this court has repeatedly stated, "Misconduct serious enough to warrant an employee's dismissal is not necessarily serious enough to warrant the forfeiture of compensation benefits." Benitez v. Girlfriday, Inc., 609 So.2d 665, 666 (Fla. 3d DCA 1992); see also Baptiste v. Waste Management, Inc., 701 So.2d 386 (Fla. 3d DCA 1997); Webb v. Douglas N. Rice, C.P.A., 693 So.2d 1109 (Fla. 3d DCA 1997); Miller v. Barnett Bank of Broward County, 650 So.2d 1089 (Fla. 3d DCA 1995).
Moreover, the mere exercise of poor judgment does not amount to misconduct sufficient to support the denial of unemployment compensation benefits. See Miller, 650 So.2d at 1090; see also Kelley v. Pueblo Wholesale Co., 627 So.2d 534 (Fla. 3d DCA 1993).
The record in this case establishes that although the claimant may not have been a stellar employee, and that he did exercise poor judgment believing that he was acting in his employer's best interests, his actions did not amount to misconduct that disqualifies him from receiving benefits.
Reversed and remanded with directions to grant claimant unemployment compensation benefits.