798 So.2d 899 (2001)
William L. SPINK, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 5D01-258.
District Court of Appeal of Florida, Fifth District.
November 9, 2001.
*900 William L. Spink, Deltona, pro se.
Judy L. Harrelson, Tallahassee, for Appellee.
SHARP, W., J.
Spink appeals an order of the Unemployment Appeals Commission, affirming a referee's determination that Spink was not entitled to unemployment compensation benefits based upon misconduct connected with work. We reverse because the evidence is insufficient to establish misconduct.
Encore Kitchen & Bath of Edgewater (Encore) hired Spink on May 1, 2000, as a designer and sales representative for prefab kitchen and bath cabinets. The job *901 required Spink to give field estimates for the cabinets, and although he was experienced in the design end of the business, he had no experience in measuring and estimating. Encore also found his computer experience attractive.
On September 28, 2000, Spink was discharged for incompetence. Encore stated that Spink had failed to follow its rules in filing paperwork, he was moody and hard to get along with, and on two occasions he made errors measuring cabinets, one of which resulted in a $1,000 loss to Encore. Encore also cited Spink's eating habits as responsible for his termination: he left a "big trail of mess" which he never cleaned up, he took several breaks each day to eat, and it took him 20-30 minutes to eat. Lastly, Encore was disappointed with Spink's computer skills. But Encore stated that "negligence was the major factor."
The referee's findings were:
The claimant was counseled two times when he made slight measurement errors and cabinets did not fit.... On one occasion, the claimant promised plumbing and the employer does not do plumbing. (R. 22, 50-51). The claimant later denied the whole thing.... The claimant took numerous lunch breaks; however, he was never counseled about this. ... The claimant's job was to measure walls and design cabinets.... The claimant was to fax an order for production when it was time.... The claimant faxed an order for production without measuring the walls.... The claimant told the vice president that he forgot to measure the walls.... The error cost the employer approximately $1,000 .... (emphasis supplied)
The referee's legal conclusions were that, based on the above, Encore had met its burden of proving, by a preponderance of evidence, that the termination was due to misconduct connected with work, Mason v. Load King Mfg., 715 So.2d 279, 280 (Fla. 1st DCA 1998), approved, 758 So.2d 649 (Fla.2000); and that the "employer has shown that the claimant's actions evince a pattern of behavior in violation of his duties and obligations to his employer."
The referee's finding is, on its face, insufficient to salsify section 443.036(29), which provides:
Misconduct."Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer. (Emphasis supplied)
The statute is to be liberally applied in favor of claimants. Underhill v. Publix Super Markets, Inc., 610 So.2d 48, 50 (Fla. 3d DCA 1992); Hummer v. Unemployment Appeals Commission, 573 So.2d 135, 137 (Fla. 5th DCA 1991).
The evidence in this case is insufficient to support a finding of misconduct connected with work. Although acts of employees may warrant termination, they do not always constitute "misconduct" as defined by section 443.036(29). An employer must show more than an employee's inefficiency, unsatisfactory conduct, or failure to perform. Doyle v. Florida Unemployment Appeals Commission, 635 So.2d 1028 (Fla. 2d DCA 1994). Inefficiency, unsatisfactory conduct, inability, inadvertence, and ordinary negligence do not constitute misconduct connected with work. Frazier v. Home Shopping Club, L.P., 784 *902 So.2d 1190 (Fla. 2d DCA 2001); Fiedler v. Burdines, Inc., 654 So.2d 1276 (Fla. 2d DCA 1995); Williams v. Unemployment Appeals Commission, 484 So.2d 89 (Fla. 5th DCA 1986). A single isolated act of negligence does not constitute misconduct, Cooks v. Unemployment Appeals Commission, 670 So.2d 178 (Fla. 4th DCA 1996); nor does an isolated error resulting in a loss of money. Miller v. Barnett Bank of Broward County, 650 So.2d 1089 (Fla. 3d DCA 1995). Poor judgment is not misconduct. Bulkan v. Florida Unemployment Appeals Commission, 648 So.2d 846 (Fla. 4th DCA 1995). The failure to follow rules or a violation of the employer's rules is generally not misconduct, but rather poor judgment. See Philemy v. Florida Dept. of H.R.S., 731 So.2d 64 (Fla. 3d DCA 1999); Rogers v. Florida Unemployment Appeals Commission, 597 So.2d 382 (Fla. 2d DCA 1992); Daniels v. Florida Unemployment Appeals Commission, 531 So.2d 1047 (Fla. 2d DCA 1988).
The standard of our review is whether the agency's adjudicative findings are supported by competent, substantial evidence in the record. Fink v. Florida Unemployment Appeals Commission, 665 So.2d 373 (Fla. 4th DCA 1996); Forehand v. School Bd. of Washington County, 481 So.2d 953 (Fla. 1st DCA 1986). In this case, negligence was the reason for Spink's termination. Spink was described as lazy, negligent, incompetent, moody, messy and forgetful. There is no showing of willful or wanton disregard of Encore's interests, manifest culpability, wrongful intent or evil design as required by section 443.036(29).
REVERSED AND REMANDED
THOMPSON, C.J., and SAWAYA, J., concur.