BLUE, Chief Judge.
Deanna R. Howell appeals the denial of unemployment compensation benefits based on the finding that she was discharged for misconduct connected with work. Because the record lacks competent, substantial evidence that Howell’s absences were unauthorized, we reverse.
Howell was discharged on July 3, 2000, when she was unable to work as scheduled. The record reflects that she was initially awarded unemployment benefits because willful misconduct had not been substantiated. The employer appealed that initial determination. After a telephonic hearing, the appeals referee concluded that Howell was discharged for misconduct connected with work, specifically excessive absenteeism and tardiness.
Valerie Taylor, Director of Operations, testified on the employer’s behalf. Marian Dixon, the program director and Howell’s immediate supervisor, did not testify. Taylor recited a string of dates from January to June 2000 when Howell was late or absent from work. She later admitted, however, that the program was closed on one of the days she had recited as an absence. She further testified that, for the dates she had recited, she “was just looking at the timecards and looking at blank spaces.” Howell testified that it was agreed on many days that she could be late because of her school schedule and her lack of transportation. She challenged whether her absences were unexcused and testified specifically that several of the recited absences were preapproved because she had final exams.
The appeals referee found that Howell was discharged for misconduct connected with work. Misconduct is defined as:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
§ 443.036(29), Fla. Stat. (2000). Excessive, unauthorized tardiness or absenteeism constitutes misconduct related to work. Mason v. Load King Mfg. Co., 758 *1179 So.2d 649, 651 (Fla.2000). “The term ‘unauthorized’ implicitly connotes an element of wilfulness because it means that the absences were unexcused and without the permission of the employer.” 758 So.2d at 654-55.
In this case, however, there was no competent, substantial evidence that Howell’s absences were unexcused. Denial of unemployment benefits cannot be based on hearsay evidence alone. Doyle v. Fla. Unemployment Appeals Comm’n, 635 So.2d 1028 (Fla. 2d DCA 1994). Taylor testified regarding the days that Howell was absent or late but did not testify that they were unexcused absences. Howell specifically challenged this aspect of the employer’s testimony and offered evidence regarding the excused nature of her absences. Based on this record, we conclude that the employer failed to prove a key element, i.e., that the absenteeism was unauthorized. For this reason, we reverse the denial of benefits.
Reversed.
STRINGER and DAVIS, JJ., Concur.