833 So.2d 310 (2003)
Armando VEGA, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS, etc., et al., Appellees.
No. 3D02-932.
District Court of Appeal of Florida, Third District.
January 2, 2003.
Keith M. Stern, for appellant.
John D. Maher (Tallahassee), for Appellee, Unemployment Appeals Commission.
Before SCHWARTZ, C.J., and COPE, and RAMIREZ, JJ.
RAMIREZ, J.
Armando Vega appeals the conclusion of the Unemployment Appeals Commission that he was ineligible for unemployment benefits because he was discharged for misconduct connected with his work. We reverse because the behavior which led to Vega's discharge did not amount to misconduct under section 443.036(29), Florida Statutes (2001).
The appeals referee's findings of fact are undisputed. Parallel Trading, Inc. hired Vega to serve as its warehouse manager. His work schedule was Monday through Friday from 9:00 a.m. to 5:00 p.m. On most occasions, Vega would arrive to work by *311 7:00 a.m. He would occasionally work on Saturday and Sunday. Vega was aware that he needed to call and notify his employer prior to his scheduled start time if he was unable to report to work.
On Tuesday, June 12, 2001, at 7:00 a.m., Vega's car broke down as he was going to work. He did not call or report to work that day because he was trying to get a mechanic to look at his car and see what was wrong with it. He did not notify his employer that he would be absent until 11:00 a.m. the next morning. He explained that the transmission had gone out on his car. Vega told the owner that he would call when his car was fixed. The owner said "o.k." Vega called his employer again at 11:00 a.m. on Friday, June 15, 2001, to advise that his car had now been repaired and he could report for work on Monday, June 18th. The owner told Vega that "although he was a good worker he needed someone who was going to be there and [Vega] needed to straighten out his personal life."
We disagree with the referee's conclusion that these facts constitute misconduct under the statute. In Mason v. Load King Mfg. Co., 758 So.2d 649, 655 (Fla. 2000), the court stated that:
In defining misconduct, courts are required to liberally construe the statute in favor of the employee. Additionally, awards determinations must be made against the backdrop that the remedial aspect of the unemployment compensation statutory scheme requires a liberal construction in favor of awarding benefits.
(citations omitted). Section 443.036(29) defines "misconduct" to include:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
Appellee relies on Barragan v. Williams Island, 568 So.2d 106 (Fla. 3d DCA 1990) to argue that Vega's acts constituted misconduct. Barragan called on the day he was to report for work and spoke with a coworker. He was told that his supervisor was busy. He requested the coworker to inform the supervisor that he was going to be absent due to illness. Barragan did not call the next day when he was absent again and was discharged. We affirmed the denial of benefits because "[t]he employer presented competent substantial evidence that a work rule was in force which required an employee to call in to report an absence. The employee, although he had been warned of this rule, disregarded it." Id. at 107.
There was no evidence presented that Vega's employer had a call-in work rule. The referee merely found that Vega was aware he needed to call in if he was unable to report to work, but there was nothing so formal as a work rule, nor any evidence that he had been previously warned. On the contrary, during the Wednesday phone call, his employer acquiesced to Vega's plan to report to work once his car had been repaired.
We are thus left with Vega's single transgression of failing to call on Tuesday when his car initially broke down. This did not amount to misconduct under the statute and case law. At best, it was an isolated act of misjudgment on his part. See Bates v. Unemployment Appeals Comm'n, 655 So.2d 1242, 1243 (Fla. 2d *312 DCA 1995) (reversing the denial of benefits based on the failure on the part of the employee to use good judgment).
We therefore reverse the decision of the Commission.