SHEVIN, Judge.
Irving Gomez appeals an order of the Unemployment Appeals Commission affirming the denial of benefits. We reverse. The record shows that Gomez sent an unauthorized innocuous e-mail to a coworker; this isolated incident of poor judgment is insufficient to establish misconduct and justify the denial of benefits. See Vega v. Florida Unemployment Appeals, 833 So.2d 310 (Fla. 3d DCA 2003)(employ-ee’s isolated act of misjudgment does not constitute misconduct justifying denial of benefits); Gonzalez v. Florida Unemployment Appeals Comm’n, 752 So.2d 726 (Fla. 3d DCA 2000)(same); Fenelus v. Publix Super Mkts., Inc., 727 So.2d 274 (Fla. 3d DCA 1999)(same); Delaney v. Unemployment Appeals Comm’n, 720 So.2d 320 (Fla. 4th DCA 1998)(using company e-mail to send joke after non-specific warning was a single act of poor judgment rather than wilful or wanton disregard of employer’s interest). See generally Carol Schultz Vento, Annotation, Use of Employer’s EMail or Internet System as Misconduct Precluding Unemployment Compensation, 106 A.L.R. 5th 297 (2003). Accordingly, we reverse the order.
Reversed.