841 So.2d 682 (2003)
Gloria J. FRANKLIN, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Discount Auto Parts, Inc., Appellees.
No. 2D02-1486.
District Court of Appeal of Florida, Second District.
April 11, 2003.
*683 Wanda J. Davis, Tampa, for Appellant.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee Discount Auto Parts, Inc.
KELLY, Judge.
Gloria J. Franklin challenges an order of the Florida Unemployment Appeals Commission (UAC) affirming the finding of an appeals referee that she was not entitled to receive unemployment compensation benefits due to misconduct connected with work. Franklin contends that the referee's decision was not supported by competent, substantial evidence. We agree and reverse.
Franklin was employed as a production worker by a wholesale automotive parts distributor from February 28, 2000, until her discharge on December 8, 2000. When she was hired, Franklin received a handbook containing the company's attendance policy. That policy requires employees to call in at least thirty minutes before a scheduled shift if the employee is going to be absent from work. The policy does not specify how many absences an employee may have before being subject to discipline or termination. The employer's human resource manager testified that after each absence employees attend a counseling session. Following the session, a form is generated indicating the reason for the session and what action was taken. In addition, the employer periodically reviews its employees' job performance. On June 23, 2000, Franklin's employer reviewed her performance. The Team Member Evaluation Form states that Franklin was always on time for her shift, was rarely absent, and called within guidelines if she was going to be late or absent.
*684 On July 24, 2000, Franklin sustained an injury while at work. Between July 24 and October 26, 2000, Franklin was absent from work twelve times. Franklin testified that those absences were due to illness or were related to the injury she sustained in July. The employer's records do not classify any of these absences as unexcused, and the employer offered no testimony that any of these absences were unauthorized.
On October 27, 2000, Franklin was absent from work due to illness. As a result of this absence, on October 31, 2000, Franklin's employer held a counseling session with Franklin to discuss her absences. The employer directed her to review the employer's attendance policy and issued a written "final warning" stating that she could be terminated if she had any further absences. The employer did not list the October 27 absence as unexcused on the counseling session form. It appears from the record that this was the first time the employer had counseled Franklin after an absence and the first time a counseling form was generated regarding Franklin's absences.
On November 3, 2000, Franklin received a verbal warning because she left work early to take her elderly father to the doctor. When questioned about this at the hearing, Franklin stated that she had received permission to leave early. The employer offered no testimony to refute Franklin's statement, and it did not record the partial absence as unexcused on the attendance counseling form. On November 15, 2000, Franklin was absent from work due to illness and was once again counseled regarding her attendance. This absence was not listed as unexcused on the attendance counseling form. On December 7, 2000, Franklin was absent from work because of illness. This absence was recorded as unexcused because Franklin did not call to report her absence within the time frame set forth by the employer. At the hearing, Franklin explained that she was two or three minutes late in placing the call because she got no response from the first number she dialed and had to call again. This testimony was unrefuted. On December 8, 2000, Franklin was terminated from her employment due to "excessive attendance violations."
Franklin was initially awarded unemployment compensation benefits following a hearing and the employer appealed to the UAC. Due to the inaudibility of the tape of the proceeding, the UAC vacated the finding of the referee and ordered that a new hearing be conducted. After a second evidentiary hearing, the referee concluded that Franklin was disqualified from receiving benefits because of misconduct connected with work. The referee found that Franklin's employer had met its burden of establishing misconduct by presenting competent, substantial evidence of Franklin's excessive unauthorized absenteeism. The referee further found that Franklin "continued to have absences following her final warning which were not the result of illness." Franklin appealed the referee's decision, and the UAC affirmed finding that the referee's decision was supported by competent, substantial evidence.
Section 443.036(29), Florida Statutes (2000), defines "misconduct" to include:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial *685 disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
A finding of misconduct is justified when an employer presents substantial, competent evidence of an employee's excessive unauthorized absences. Tallahassee Housing Auth. v. Unemployment Appeals Comm'n, 483 So.2d 413 (Fla.1986). In order to prove misconduct under Tallahassee Housing Authority, employers have the burden of demonstrating both excessiveness and wilfulness in the employee's actions. Mason v. Load King Mfg. Co., 758 So.2d 649 (Fla.2000). The term "unauthorized" as used in Tallahassee Housing Authority "implicitly connotes an element of wilfulness because it means that the absences were unexcused and without the permission of the employer." Id. at 654-55. An "unauthorized absence" generally refers to "those absences where the employee has wilfully chosen to violate her fundamental obligation to an employer to come to work and carry out her assigned duties." Id.
Based on our review of the record, we conclude that the UAC erred in affirming the referee because there is no competent, substantial evidence to support the referee's findings. While the record indicates that Franklin was absent from work a number of times before she was counseled regarding her attendance, Franklin testified that these absences were due to illness or her injury. Franklin's employer offered no evidence to the contrary. After Franklin received the "final warning" and before her termination, Franklin had two more absences. Contrary to the referee's finding, the record indicates that both were due to illness. Absences that are properly reported to the employer and are for compelling reasons, such as illness, do not constitute misconduct connected with work. Cargill, Inc. v. Hill, 503 So.2d 1340 (Fla. 1st DCA 1987). Further, although Franklin's employer classified one of these absences as unexcused because Franklin called in a few minutes late, in light of Franklin's uncontradicted explanation for her conduct, there is no basis in the record to find that her conduct on that one occasion was willful and therefore unauthorized. Accordingly, we reverse the UAC's order affirming the referee's decision that Franklin was guilty of misconduct within the meaning of section 443.036(29) and remand with directions to award Franklin unemployment compensation benefits.
Reversed and remanded with directions.
ALTENBERND, C.J., and SALCINES, J., concur.