STRINGER, Judge.
James Hamilton seeks review of the order of the Unemployment Appeals Commission affirming the appeals referee’s determination that Hamilton is disqualified from receiving unemployment benefits because he was discharged due to misconduct connected with work. We reverse because the referee’s determination is not supported by competent, substantial evidence.
At the hearing before the appeals referee, the only people who testified were Hamilton and Cheryl Kerr. Kerr worked as the staff relations manager for Collegiate Funding Services, Inc. (“the Employer”). According to Kerr, Hamilton was employed as a financial specialist and was discharged for excessive absenteeism. Between September 26 and October 30, 2002, Hamilton took nine personal days off of work, arrived late once, and left early once. Hamilton was given a warning on October 11 that his attendance needed to improve. Kerr admitted she did not know the reason for Hamilton’s absences, but explained that the Employer’s policy was that any unscheduled absences would result in disciplinary action. She also acknowledged that the Employer’s manual provided that employees must call in no later than thirty minutes after the start of their shift.
Hamilton testified that he believed his first five absences, which occurred prior to October 11, 2002, were permissible under the Employer’s policy because he called in before his shift on those days. Hamilton also testified that, on October 11, 2002, his supervisor, Zack Larson, told him that his production was down because of his absences and said that the best way to increase production was to be at work on time. The manager feedback log reflects an entry by Larson which states, “Zack Larson spoke with James re: attendance. James was informed he must adhere to his schedule from this point forward.” Hamilton testified that the Employer changed its policy at that time and required that employees schedule absences in advance. According to Hamilton, the four absences after his October 11 conversation with his supervisor were for the purpose of caring for his ailing mother. He tried to comply with the new policy of scheduling them in advance, but was unable to do so.
Under section 443.101(l)(a), Florida Statutes (2002), a claimant is dis *1286 qualified from receiving unemployment compensation if Ms discharge resulted from “misconduct connected with his or her work.” Section 443.036(29), Florida Statutes (2002), defines “misconduct” for purposes of determining whether a claimant is disqualified from receiving benefits under section 443.101(1)(a). A claimant who is discharged because of excessive unauthorized absenteeism commits “misconduct” under section 443.036(29). Tallahassee Housing Auth. v. Fla. Unemployment Appeals Comm’n, 483 So.2d 413, 414 (Fla.1986).
It is the employer’s burden to prove excessive unauthorized absenteeism. Id. Specifically, the employer must present “satisfactory proof ... of a serious and identifiable pattern of excessive absenteeism” that is wilful. Mason v. Load King Mfg. Co., 758 So.2d 649, 654 (Fla.2000).
By “unauthorized absences,” we are generally referring to those absences where the employee has wilfully chosen to violate her fundamental obligation to an employer to come to work and carry out her assigned duties. Obviously, the failure of an employee to carry out his or her obligation can be devastating to the functioning of an employer’s business. Excessiveness must also be proven. While we realize that excessiveness may well depend on factors such as the particular employment context and presence or absence of workplace guidelines, we do not deem it unreasonable to require an employer who seeks to deny a former employee unemployment compensation benefits to meet this burden.
Id. at 654-55. Once the employer meets its burden of proving that the employee’s absences were excessive and unauthorized, the burden shifts to the employee to rebut the presumption that the absenteeism constituted “misconduct” under section 443.036(24). Tallahassee Housing Auth., 483 So.2d at 414.
It is clear from the evidence that Hamilton’s nine absences, one late arrival, and one early departure within a two-month period were excessive. However, the Employer has not met its burden of proving that Hamilton’s first five absences were unauthorized. While Kerr testified that the Employer’s policy was that all absences must be scheduled in advance, Hamilton claimed that he was not required to schedule personal days off in advance until the Employer’s policy changed around October 11, 2002. Furthermore, Hamilton said he was not informed that his first five absences were unauthorized. In fact, the only conversation Hamilton related with his supervisor consisted of the supervisor’s statement that Hamilton’s production was down because of his absences. There was no indication in the supervisor’s feedback log that Hamilton’s absences were unauthorized. Additionally, the Employer’s manual provided that employees should call in to report an absence no later than thirty minutes after the start of their shift. It was undisputed that Hamilton “called in” as required. Accordingly, the Employer did not meet its burden of proving that the first five absences were excessive and unauthorized.
While Hamilton conceded that his last four absences were unauthorized, he rebutted any presumption that the absenteeism constituted “misconduct” by presenting uncontroverted evidence that the four absences were justified by a family emergency that would have impelled a reasonable person to miss work. See Gadsden v. Fla. Unemployment Appeals Comm’n, 616 So.2d 1196, 1197 (Fla. 2d DCA 1993); see also Franklin v. Unemployment Appeals Comm’n, 841 So.2d 682, 685 (Fla. 2d DCA 2003) (“Absences that are properly reported to the employer and are for compelling *1287 reasons, such as illness, do not constitute misconduct connected with work.”). For these reasons, the appeals referee’s determination that Hamilton was discharged due to misconduct connected with work is not supported by competent, substantial evidence.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., concur.