884 So.2d 520 (2004)
Ted G. BORREGO, Jr., Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMM., et al., Appellee.
No. 3D04-439.
District Court of Appeal of Florida, Third District.
October 13, 2004.
*521 Ted Borrego, Jr., in proper person.
John D. Maher (Tallahassee), for Appellee, Unemployment Appeals Commission.
Before SCHWARTZ, C.J., and COPE, and RAMIREZ, JJ.
RAMIREZ, J.
Ted G. Borrego, Jr., appeals the order of the Unemployment Appeals Commission which determined that he was ineligible to receive unemployment compensation benefits. We reverse.
The unemployment appeals referee found that Borrego had been employed since May 14, 2002 as a dispatcher/customer service representative. On March 1, 2003, Borrego left at 7:30 p.m. because his wife was in the hospital. He did not punch out when he left early from work on that day.
On March 8, 2003, the general manager asked Borrego why he informed the dispatch manager that he had left at 10:00 p.m., when in fact he had left at 7:30 p.m. Borrego advised the general manager that he left early because his wife was in the hospital. The general manager told Borrego that he was discharged for falsifying time records. The referee concluded that this isolated incident of poor judgment did not constitute misconduct within the meaning of section 443.036(29), Florida Statutes (2004), and ordered that unemployment benefits be granted.
Although the Unemployment Appeals Commission claims to have reversed the referee's decision because the referee's decision was not in accord with the law, in reality it reviewed the record and concluded that Borrego was discharged for "falsifying his time record." This contradicts the referee's finding that Borrego informed the general manager that he had left early because his wife was in the hospital. While the Commission may reach a different conclusion of law based upon the same evidence, it may not modify the facts to do so. See Berry v. Scotty's, Inc., 711 *522 So.2d 575, 577 (Fla. 2d DCA 1998); Wall v. Unemployment Appeals Comm'n, 682 So.2d 1187 (Fla. 4th DCA 1996); David Clark & Assocs. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980).
Thus, the Commission erred in concluding that Borrego engaged in "misconduct" disqualifying him for unemployment compensation benefits. Section 443.036(29), Florida Statutes (2003), provides:
(29) "Misconduct" includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to such a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
In Mason v. Load King Mfg. Co., 758 So.2d 649, 655 (Fla.2000), the Florida Supreme Court stated that "[i]n defining misconduct, courts are required to liberally construe the [unemployment compensation] statute in favor of the employee." We agree with the referee that a single, isolated act of negligence does not constitute disqualifying misconduct. See, e.g., Ash v. Florida Unemployment Appeals Comm'n, 872 So.2d 400, 402 (Fla. 1st DCA 2004) and the cases cited.
Reversed and remanded.