884 So.2d 1143 (2004)
Sarita RIVERAS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Atlantic State Bank, Appellees.
No. 2D03-5852.
District Court of Appeal of Florida, Second District.
October 27, 2004.
*1144 Douglas L. Wilson of The Wilson Law Firm, Naples, for Appellant.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Atlantic State Bank.
CASANUEVA, Judge.
Sarita Riveras appeals from a decision of the Unemployment Appeals Commission denying her benefits after she was terminated by Atlantic State Bank. Because she *1145 was fired for an isolated incident of poor judgment that did not rise to the level of misconduct connected with work, we reverse and remand for her benefits to be reinstated.
Ms. Riveras, a teller supervisor who had been employed by the bank for almost three years, was discharged after she allowed a customer to withdraw funds from checking and savings accounts opened the previous day. Because the accounts had been opened with counter checks, both federal regulations and bank policy required a ten-day hold on the accounts before any withdrawals to assure that the checks had cleared. Ms. Riveras's supervisor testified, however, that circumstances can exist in which an override of the hold on the funds would be authorized. In deciding to initiate the override, Ms. Riveras admitted that she let her guard down: she relied on a trusted associate whom she had trained and who gave her the impression that an override was appropriate. Unfortunately, however, Ms. Riveras's error cost the bank $6000.
Without question, the bank was justified in discharging Ms. Riveras for this isolated but costly breach of procedures. According to the bank's policy, grounds for termination exist when an employee's actions result in an operational loss of $5000 or more. Nevertheless, even though Ms. Riveras's admitted mistake cost the bank a significant amount of money, that fact alone does not transform her isolated lapse of judgment into "wanton disregard" of her employer's interests or "negligence to a degree ... that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations" to the employer. § 443.036(29)(a)-(b), Fla. Stat. (2003).
An employer bears the burden of proving that the employee has engaged in misconduct. Thomas v. United Parcel Serv., Inc., 864 So.2d 567, 569 (Fla. 2d DCA 2004). Furthermore, the statute defining misconduct "must be interpreted liberally in favor of an employee, and its disqualifying provisions construed narrowly in determining whether an employee has exhibited work-related conduct sufficient to support a denial of unemployment compensation benefits." Doyle v. Fla. Unemployment Appeals Comm'n, 635 So.2d 1028, 1030-31 (Fla. 2d DCA 1994). Even if an employee has violated her employer's policies, "`[m]isconduct usually involves repeated violations of explicit policies after several warnings.' This holding is in keeping with the explicit philosophy behind the unemployment compensation law, which is remedial and must be construed narrowly in favor of the claimant." Freddo v. Unemployment Appeals Comm'n, 685 So.2d 874, 875 (Fla. 2d DCA 1996) (citations omitted). Nothing in the record of this case suggests that Ms. Riveras's work practices were shoddy or that she had repeatedly violated the bank's policies. Cf. Garcia v. Fla. Unemployment Appeals Comm'n, 872 So.2d 966, 970 (Fla. 3d DCA 2004) (holding that a teller who accepted a double-endorsed check, his "one blunder over a six[-]year career," did not intentionally disregard the interests of his employer).
In a case somewhat similar to this, the Third District reversed the denial of unemployment benefits to a branch operations manager who was discharged after the bank suffered significant monetary losses  in the neighborhood of $46,000  when the manager decided to release funds to a customer before deposited money orders had cleared, "an action that violated the Bank's check approval guidelines." Miller v. Barnett Bank, 650 So.2d 1089, 1089 (Fla. 3d DCA 1995). In Miller, *1146 the claimant was aware that the bank's policies prohibited a manager from approving a release of funds in an amount over $25,000. But in spite of a substantial loss to the bank and the claimant's admitted violation of policy, the Third District held that the record lacked "competent substantial evidence to support a finding that Miller acted in willful or wanton disregard of the Bank's interests or that her actions demonstrated extreme negligence showing an intentional or substantial disregard of the Bank's standards or interests...." Id. at 1090.
Similarly, in Spink v. Unemployment Appeals Commission, 798 So.2d 899 (Fla. 5th DCA 2001), the terminated claimant was a sales representative and designer of prefabricated kitchen cabinets. One of his duties  for which he apparently had little experience or aptitude  was to measure cabinets, and his errors caused a loss to his employer of approximately $1000. He was also described as difficult, moody, and sloppy. Nevertheless, the Fifth District held that denial of unemployment benefits was unjustified after he was fired:
Inefficiency, unsatisfactory conduct, inability, inadvertence, and ordinary negligence do not constitute misconduct connected with work. A single isolated act of negligence does not constitute misconduct; nor does an isolated error resulting in a loss of money. Poor judgment is not misconduct. The failure to follow rules or a violation of the employer's rules is generally not misconduct, but rather poor judgment.
Id. at 901-02 (citations omitted).
In line with the many cases involving isolated acts of negligence or misjudgment, we hold that the Unemployment Compensation Commission's determination that Ms. Riveras was discharged for misconduct connected with work is not supported by competent, substantial evidence in the record. Accordingly, we reverse and remand this case for reinstatement of Ms. Riveras's unemployment compensation benefits.
Ms. Riveras has also moved for attorney's fees pursuant to section 443.041(2)(b), Florida Statutes (2003), which provides that an attorney representing a claimant in any district court of appeal or the supreme court "is entitled to counsel fees payable by the Agency for Workforce Innovation as set by the court if the ... appeal is initiated by the claimant and results in a decision awarding more benefits than provided in the decision from which appeal was taken." We hold that Ms. Riveras is entitled to counsel fees in an amount "not [to] exceed 50 percent of the total amount of regular benefits permitted under s. 443.111(5)(a) during the benefit year." § 443.041(2)(b).
Consistent with our decision in Berry v. Scotty's, Inc., 789 So.2d 1008, 1009-10 (Fla. 2d DCA 1998), we will use the following procedure to set the amount of the fee: If the parties can stipulate to an amount, they shall file their stipulation with this court within thirty days. If they are unable to stipulate, then the appeals referee shall, within an additional thirty days, hold an evidentiary hearing and file with this court a recommend order with findings and conclusions consistent with the principles enunciated in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Upon receipt of the stipulation or recommended order, this court will set the amount and issue an order awarding fees to the claimant's counsel.
Reversed and remanded with directions.
SALCINES, J., and THREADGILL, EDWARD F., Senior Judge, Concur.