899 So.2d 1159 (2005)
Margia R. FORTE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS, etc., et al., Appellees.
No. 3D04-1595.
District Court of Appeal of Florida, Third District.
April 6, 2005.
Margia R. Forte, in proper person.
John D. Maher, Tallahassee, for appellees.
Before COPE, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The claimant, Margia R. Forte, appeals an order of the Unemployment Appeals *1160 Commission disqualifying her from receiving benefits. We reverse.
Ms. Forte was employed as a security guard by Vanguard Security, Inc. (Vanguard). She was terminated after she refused to work on Christmas or the following day. Ms. Forte applied for unemployment benefits, but her application was denied. She challenged this decision before an appeals referee, who affirmed the denial. Ms. Forte then appealed to the Unemployment Appeals Commission (UAC). The UAC affirmed the decision to deny benefits, determining that "the evidence deemed credible by the appeals referee supports the conclusion that the claimant was discharged for misconduct connected with work."
On appeal, Ms. Forte argues that she was unjustly fired and should not be denied benefits. The UAC argues that the denial of benefits is appropriate because competent substantial evidence supports the conclusion that Ms. Forte was discharged from her employment based on misconduct related to her employment. The standard of review of a decision by the UAC is whether the decision is supported by substantial competent evidence. See Rietter v. Florida Unemployment Appeals Comm'n, 875 So.2d 808 (Fla. 3d DCA 2004); Kelly v. Dade County School Bd., 872 So.2d 457 (Fla. 3d DCA 2004).
Under section 443.101(1)(a), Florida Statutes (2004), a claimant is disqualified from receiving benefits if he has been discharged by his employer for misconduct connected with his work. Misconduct is defined in section 443.036(29), Florida Statutes (2004), as follows:
"Misconduct" includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer's interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
When determining whether a claimant should be denied unemployment benefits, the statute defining misconduct should be construed liberally in favor of the claimant. Mason v. Load King Mfg. Co., 758 So.2d 649, 654 (Fla.2000); Riveras v. Unemployment Appeals Comm'n, 884 So.2d 1143, 1145 (Fla. 2d DCA 2004). An isolated incident of poor judgment should usually not constitute misconduct under the unemployment compensation statute, even if the incident is a valid ground for termination. Vilar v. Unemployment Appeals Comm'n, 889 So.2d 933, 935 (Fla. 2d DCA 2004); Riveras, 884 So.2d at 1145. Although "excessive unauthorized absenteeism" justifies the denial of benefits, a single absence does not. Mason, 758 So.2d at 654 (holding that misconduct under the statute is shown when the record presents substantial competent evidence of excessive unauthorized absenteeism, but to prove excessive unauthorized absenteeism, an employer must prove more than one act).
Because the record contains evidence of only one unauthorized absence by Ms. Forte, the UAC's determination that she was discharged for misconduct is not supported by substantial competent evidence. See Riveras, 884 So.2d at 1146. Her unauthorized absence was an isolated incident of poor judgment which did not rise to the level of misconduct within the meaning of the statute. See LaCharite v. Unemployment Appeals Comm'n, 890 So.2d 354 (Fla. 1st DCA 2004); McCarty v. Florida Unemployment Appeals Comm'n, *1161 878 So.2d 432 (Fla. 1st DCA 2004).[1] While Vanguard was justified in terminating Ms. Forte's employment when she refused to work on the days she was scheduled to work, termination of employment is a separate issue from the disqualification criteria set out in the unemployment compensation statute. Anderson v. Unemployment Appeals Comm'n, 822 So.2d 563 (Fla. 5th DCA 2002); Pascarelli v. Unemployment Appeals Comm'n, 664 So.2d 1089 (Fla. 5th DCA 1995); Menendez v. River Orchids Inv. Corp., 653 So.2d 470 (Fla. 3d DCA 1995). We, therefore, reverse the UAC's order disqualifying Ms. Forte from receiving unemployment benefits.
Reversed.
NOTES
[1] The cases cited by the UAC to support its argument that Ms. Forte's termination was based on misconduct under the statute each involve more than a single unauthorized absence or other incident of insubordination. See Mason, 758 So.2d at 655 (noting that, in a four-month period, claimant was absent four times, late four times, and left early one time); Barragan v. Williams Island, 568 So.2d 106 (Fla. 3d DCA 1990)(noting that, on one or two previous occasions, claimant had previously failed to notify his supervisor of an absence and on these occasions received verbal warnings); Washington v. Burdines, 422 So.2d 932 (Fla. 3d DCA 1982)(noting a "clear, consistent pattern of insubordination"); City of Riviera Beach v. Florida Dep't of Commerce, Div. of Employment Sec., 372 So.2d 1007, 1008 (Fla. 4th DCA 1979)(noting that, out of forty-seven working days, claimant took nine days sick leave and seven days vacation time).