ALTENBERND, Judge.
William C. Byrum appeals an order entered by the Unemployment Appeals Commission affirming an appeals referee’s *185 determination that Mr. Byrum was disqualified from receiving unemployment benefits because his excessive absences amounted to misconduct. See § 443.036(29), Fla. Stat. (2004). Because there was no competent, substantial evidence that Mr. Byrum’s absences, other than one, were unauthorized, we reverse.
Mr. Byrum was employed by Virtom Corporation in July 1999. He was discharged on May 28, 2004, for excessive absenteeism. According to the employer, Mr. Byrum was warned on February 13, 2004, that his absenteeism was excessive and his attendance needed to improve. The employer did not provide any history of Mr. Byrum’s absences prior to February 13, but explained that during the following three months Mr. Byrum was absent from work ten days on various dates. The testimony was undisputed that on eight of these days — March 24, 25, and 26, April 1 and 2, and May 17 and 24, Mr. Byrum, who was almost sixty years of age, was absent due to serious illness. On one of the remaining days, Mr. Byrum was absent when he had to move from his home based on an eviction.
There was no testimony that these absences were unauthorized or that they were in violation of a company policy. See Mason v. Load King Mfg. Co., 758 So.2d 649, 654-55 (Fla.2000) (holding that excessive unauthorized absenteeism may constitute misconduct supporting a denial of unemployment compensation benefits). Because Virtom Corporation failed to present evidence that these nine absences were unauthorized, there was no competent, substantial evidence to support a finding of misconduct. See Hamilton v. Unemployment Appeals Comm’n, 880 So.2d 1284, 1286-87 (Fla. 2d DCA 2004); Franklin v. Unemployment Appeals Comm’n, 841 So.2d 682, 685 (Fla. 2d DCA 2003); Howell v. Fla. Unemployment Appeals Comm’n, 802 So.2d 1177, 1179 (Fla. 2d DCA 2001).
There was evidence that Mr. By-rum was absent from work on one occasion due solely to irresponsible behavior. Although “excessive unauthorized absenteeism” justifies the denial of benefits, a single absence does not. Forte v. Fla. Unemployment Appeals, 899 So.2d 1159, 1160 (Fla. 3d DCA 2005) (citing Mason, 758 So.2d at 654). An isolated incident of poor judgment should not usually constitute misconduct, even if the incident is a valid ground for termination. Id. (citing Vilar v. Unemployment Appeals Comm’n, 889 So.2d 933, 935 (Fla. 2d DCA 2004)).
Virtom Corporation had every right to terminate Mr. Byrum’s employment under these circumstances, but the employer did not establish that Mr. Byrum’s absences amounted to misconduct under section 443.036(29). We therefore reverse and remand with instructions to award Mr. By-rum unemployment compensation benefits.
Reversed and remanded with instructions.
SALCINES and CANADY, JJ., Concur.