WELLS, Judge.
Affirmed. See § 443.036(29), Fla. Stat. (2006) (providing that only willful violations or careless acts of such a degree or recurrence as demonstrate a substantial disregard for an employer’s interests are sufficient to support denial of unemployment compensation benefits for misconduct connected with a former employee’s work); Spink v. Unemployment Appeals Comm’n, 798 So.2d 899, 901-02 (Fla. 5th DCA 2001) (“An employer must show more than an employee’s inefficiency, unsatisfactory conduct, or failure to perform. Inefficiency, unsatisfactory conduct, inability, inadvertence, and ordinary negligence do not constitute misconduct connected with work.... Poor judgment is not misconduct. The failure to follow rules or a violation of the employer’s rules is generally not misconduct, but rather poor judgment.”) (citations omitted); Webb v. Rice, 693 So.2d 1109, 1111 (Fla. 3d DCA 1997) (“Courts should narrowly construe the disqualification provisions [of chapter 443], and should liberally construe the statute in favor of the claimant when determining whether a claimant’s actions constitute misconduct in accordance with its remedial nature.”); Ritenour v. Unemployment Appeals Comm’n, 570 So.2d 1106, 1108 (Fla. 5th DCA 1990) (“Reaching a different conclusion of law from, that of the referee is within the scope of review of the commission.”).