LEVINE, J.
 

 We are presented with the question of what circumstances justify the denial of unemployment benefits by the Unemployment Appeals Commission (“Commission”). We find that the Commission incorrectly denied appellant unemployment benefits, and we reinstate the decision of the referee.
 

 The facts of the case as summarized by the referee, and adopted by the Commission, are as follows:
 

 
 *347
 
 The claimant began working for the employer on March 14, 2008, as a delivery driver. The claimant’s shift started at 11:00 am. On March 18, 2008, the claimant was prepared to go to work when he discovered that his vehicle’s transmission was broken. The claimant called the employer around 11:00 am to notify the manager that he would not be [able] to work because of car trouble. The manager told the claimant that they were busy and hung the phone up. The claimant called back and was not able to speak with the manager. The employer discharged the claimant for not showing to work effective March 19, 2008.
 

 The referee held that, although appellant could not perform the job because his vehicle broke down, he was nevertheless entitled to unemployment compensation since his failure to perform the job requirements was “through no fault of his own.” The Commission reversed the referee’s determination, finding that appellant had a responsibility to report to work on time and his actions amounted to misconduct.
 

 A referee’s “findings are to be accorded a presumption of correctness.”
 
 Szniatkiewicz v. Unemployment Appeals Comm’n,
 
 864 So.2d 498, 501 (Fla. 4th DCA 2004). The Commission may review the record to confirm there is a competent, substantial basis in the record for the referee’s findings of fact.
 
 Id.
 
 at 501-502. The Commission may not substitute its own findings of fact for the referee’s findings.
 
 Id.
 
 at 502. The appellate court reviews the legal conclusions of the Commission for clear error.
 
 Id.
 

 An individual may be disqualified for unemployment benefits if he or she leaves “his or her work without good cause attributable to his or her employing unit or in which the individual has been discharged by his or her employing unit for misconduct connected with his or her work.” § 443.101(l)(a), Fla. Stat. (2008). In other words, an employee who is otherwise eligible for unemployment benefits may be disqualified for these benefits only by voluntary job abandonment or misconduct.
 

 The central question to both the referee and the Commission was whether appellant’s conduct constituted misconduct.
 
 [1]
 
 Misconduct is defined as follows:
 
 *348
 
 § 443.036(29), Fla. Stat. (2008). Courts and agencies are “required to liberally construe the statute in favor of the employee.”
 
 Mason v. Load King Mfg. Co.,
 
 758 So.2d 649, 655 (Fla.2000). Nevertheless, the employee can be denied benefits if his “misconduct” includes “[c]hronie or unauthorized absenteeism or tardiness over which the claimant has control.” Fla. Admin. Code R. 60BB-3.020(3)(b) (2008).
 

 
 *347
 
 (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
 

 
 *348
 
 In general, courts have held that an employee’s transportation problems do not constitute misconduct. For instance, where the claimant failed to report to work for three consecutive days due to transportation problems, a district court found that such actions did not constitute misconduct to deny benefits.
 
 Roberts v. Diehl,
 
 707 So.2d 869 (Fla. 2d DCA 1998)
 

 In
 
 Vega v. Florida Unemployment Appeals,
 
 833 So.2d 310 (Fla. 3d DCA 2003), the claimant’s car broke down while on his way to work. The claimant did not call the employer until the next morning when he explained he would return to work when the car was fixed. When the claimant called four days later to state he would report to work the next day, the claimant was terminated. The referee found the facts constituted misconduct. The district court disagreed and found that the claimant’s “single transgression of failing to call” the day the claimant’s car first broke down “did not amount to misconduct under the statute and case law.”
 
 Id.
 
 at 311.
 

 If the facts of
 
 Vega
 
 constituted “at best” an “isolated act of misjudgment,” then appellant also did not commit an act of misconduct sufficient to deny benefits.
 
 Id.
 
 Appellant did, in fact, call in to report his car problems, but the supervisor was “too busy” to take appellant’s calls. The referee found that appellant tried to contact his supervisor and that appellant did not disregard his duties to his employer.
 

 Based on the foregoing, we find the referee was correct that appellant’s conduct did not constitute misconduct, and we reverse the decision of the Commission and reinstate appellant’s benefits.
 

 Reversed.
 

 GROSS, C.J., and WARNER, J., concur.
 

 [1]
 

 . Initially, appellant was denied benefits for job abandonment, although that finding is not the basis of the referee’s or the Commission’s decision. In
 
 Gulf County School Board v. Washington,
 
 567 So.2d 420 (Fla.1990), the Florida Supreme Court determined that an employee who is discharged because he cannot adequately perform the job is still entitled to unemployment benefits. The supreme court specifically overruled
 
 Neller v. Unemployment Appeals Commission,
 
 510 So.2d 652 (Fla. 5th DCA 1987). In
 
 Neller,
 
 the district court determined that the failure to have a working car constituted job abandonment since the claimant "voluntarily” left his position by not providing his own vehicle for a delivery job. In
 
 Washington,
 
 by specifically overruling
 
 Neller,
 
 the court determined that an employee discharged for failing to meet a condition of employment, such as having a working car, is entitled to unemployment benefits.