LAGOA, J.
Enrique G. Godoy appeals an order of the Unemployment Appeals Commission that affirmed an unemployment compensation appeals referee’s decision that Godoy is not entitled to unemployment benefits. For the following reasons, we reverse.
The appeals referee found that claimant Godoy, who was employed from 2005 through 2008 by Autotronic Auto Service, Inc., as an automotive repairs technician, was fired for failing to contact his employer when he was absent from work without permission for several days due to his wife’s pregnancy. Based on these facts, the referee concluded that Godoy was discharged for misconduct connected with work. See § 443.036(29), Fla. Stat. (2009). The Commission affirmed this decision.
As this Court has stated, “the mere exercise of poor judgment does not amount to misconduct sufficient to support the denial of unemployment compensation benefits.” Navarrete v. Fla. Unemployment Appeals Comm’n, 726 So.2d 833, 834 (Fla. 3d DCA 1999); see also Forte v. Fla. Unemployment Appeals, 899 So.2d 1159, 1160 (Fla. 3d DCA 2005); Garcia v. Fla. Unemployment Appeals Comm’n, 872 So.2d 966, 969-70 (Fla. 3d DCA 2004); Vega v. Fla. Unemployment Appeals, 833 So.2d 310, 311-12 (Fla. 3d DCA 2003). Here, the record shows that Godoy’s absence without permission or notice, which resulted from a family obligation, was an isolated incident of poor judgment that is insufficient to establish statutory misconduct. Under these circumstances, the finding of misconduct is not supported by competent substantial evidence and the denial of benefits must be reversed. See Forte, 899 So.2d at 1160-61; Borrego v. Fla. Unemployment Appeals Comm’n, 884 So.2d 520 (Fla. 3d DCA 2004); Vega, 833 So.2d at 310; Byrum v. Unemployment Appeals Comm’n, 920 So.2d 184, 185 (Fla. 2d DCA 2006).
Reversed and remanded.