PER CURIAM.
Appellant, Fela Lewis, challenges the Unemployment Appeals Commission’s af-firmance of the appeals referee’s determination that Appellant was not entitled to unemployment benefits because he was discharged for misconduct connected with work. Absenteeism can rise to the level of misconduct where there is evidence of excessive and unauthorized absenteeism. Mason v. Load King Mfg. Co., 758 So.2d 649, 654 (Fla.2000). In order for an employer to prove excessive, unauthorized absenteeism, the employer must establish a serious and identifiable pattern of absenteeism that is willful. Hamilton v. Unemployment Appeals Comm’n, 880 So.2d 1284, 1286 (Fla. 2d DCA 2004). The employer failed to meet this burden in the instant case because it only established that Appellant had two unauthorized absences during the nearly two years he was employed. We, therefore, REVERSE and REMAND.
DAVIS and HAWKES, JJ., concur; WOLF, J., concurs in result.